UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
WILLIAM MOSHER, individually and as
administrator of the Estate of WILLIAM
MOSHER, JR., CAROLYN MOSHER, BRANDON MOSHER,
KACIE MOSHER, and KORTNEY MOSHER,
        Plaintiffs,

                V.

KENNETH NELSON, Individually and as
Superintendent of BRIDGEWATER STATE HOSPITAL,
BRIDGEWATER STATE HOSPITAL, ELIZABETH CHILDS,
Individually and as Commissioner of the
COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF
MENTAL HEALTH, THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF MENTAL HEALTH, KATHLEEN M. DENNEHY,
Individually and as COMMISSIONER OF THE
COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF
CORRECTIONS, THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF CORRECTIONS and the UNIVERSITY OF
MASSACHUSETTS MEDICAL SCHOOL,
        Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RECEIPT # _____ 60586
AMOUNT $150
SUMMONS ISSUED  yes
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. ____
DATE  12/7/04

MAGISTRATE JUDGE Alexander

## STATEMENT OF JURISDICTION

1.  Plaintiffs bring this action under 42 United States

Code sections 1983, 1985, 1986, and 1988 and under the Fourth,

Fifth, Sixth, Eight and Fourteenth Amendments to the United

States Constitution to recover compensatory and exemplary

damages and to redress the deprivation, under color of law,

ordinance, regulation, custom or usage of a right, privilege and

2

immunity secured to them by the Constitution and laws of the United States and of the Commonwealth of Massachusetts.  Claim is also brought against the University of Massachusetts Medial School for malpractice pursuant to all relevant state statute, laws, and regulations.

2.    Jurisdiction is conferred on this Court by 28 United States Code sections 1331 and 1343, this being an action authorized by law to redress the deprivation under color of law, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourteenth Amendment.

3.    Plaintiffs further invoke the pendant jurisdiction of this Court to consider claims arising under state law insofar as they are asserted herein or by amendment hereto.

5.    The Plaintiffs are citizens of the State of Arizona.

4.    The matter in controversy exceeds, exclusive of interest and costs, the sum of value of Seventy-Five Thousand ($75,000.00) Dollars.

6.    Notice of claim pursuant to Massachusetts General Laws Chapter 258, section 4 was given on September 16, 2004 to Attorney General Thomas F. Reilly, Office of the Attorney General, One Ashburton Place, 20th Floor, Boston, Massachusetts.

3

## PARTIES

7.   The plaintiff William Mosher is the father of the decedent William Mosher, Jr. and the administrator of the estate of his son, the decedent, William Mosher, Jr.

William Mosher, Jr., the decedent, was a citizen of the United States and a resident of the State of Arizona, having a residence at Phoenix, Arizona.

William Mosher is, and was, at all relevant times to this complaint, a citizen of the United States and a resident of the State of Arizona, having a residence at Phoenix, Arizona.

8.   The plaintiff Carolyn Mosher is the mother of William Mosher, Jr.

Carolyn Mosher is, and was at all relevant times to this complaint, a citizen of the United States and a resident of the State of Arizona, having a residence at Phoenix, Arizona.

9.   The plaintiff Brandon Mosher is the brother of William Mosher, Jr.

Brandon Mosher is and was at all relevant times to this complaint, a citizen of the United States and a resident of the State of Arizona, having a residence at Phoenix, Arizona.

10.   The plaintiff Kacie Mosher is the sister of William Mosher, Jr.

Kacie Mosher is and was at all relevant times to this

4

complaint, a citizen of the United States and a resident of the State of Arizona, having a residence at Phoenix, Arizona.

11. The plaintiff Kortney Mosher is the sister of William Mosher, Jr.

Kortney Mosher is and was at all relevant times to this complaint, a citizen of the United States and a resident of the State of Arizona, having a residence at Phoenix, Arizona.

12. At all times relevant to the subject matter of this action Kenneth Nelson was the Superintendent of the Bridgewater State Hospital.

At all times relevant to the subject matter of this action Mr. Nelson was acting individually and/or under color of his official capacity and his acts were performed under color of the statutes, regulations, customs and usage of the Department of Corrections, the Bridgewater State Hospital, the Department of Mental Health, the Commonwealth of Massachusetts, and/or the University of Massachusetts Medical School.

13. At all times relevant to the subject matter of this action Elizabeth Childs was the Commissioner of the Commonwealth of Massachusetts Department of Mental Health.

At all times relevant to the subject matter of this action Elizabeth Childs was acting individually and/or under color of her official capacity and her acts were performed under color of

5

the statutes, regulations, customs and usage of the Department
of Corrections, the Bridgewater State Hospital, the Department
of Mental Health, the Commonwealth of Massachusetts, and/or the
University of Massachusetts Medical School.

14. At all times relevant to the subject matter of this
action Kathleen M. Dennehy was Commissioner of the Commonwealth
of Massachusetts Department of Corrections.

At all times relevant to the subject matter of this action
Kathleen M. Dennehy was acting individually and/or under color
of her official capacity and her acts were performed under color
of the statutes, regulations, customs and usage of the
Department of Corrections, the Bridgewater State Hospital, the
Department of Mental Health, the Commonwealth of Massachusetts,
and/or the University of Massachusetts Medical School.

15. The University of Massachusetts Medical School is a
public educational facility founded in 1962 by proclamation of
the governor and an act of the legislature.

At all times relevant to the subject matter of this action
the University of Massachusetts Medical School provided
clinical, medical, and psychiatric services to the Commonwealth
of Massachusetts, the Department of Corrections, the Department
of Mental Health, and the Bridgewater State Hospital, at the
Bridgewater State Hospital and to patients, inmates, and those

6

in the custody at the Bridgewater State Hospital.

At all times relevant to the subject matter of this action, the University of Massachusetts Medical School acted either under color of official capacity and/or acted under color of the statutes, regulations, customs and usage of the Bridgewater State Hospital, the Department of Corrections, the Department of Mental Health, the Department of Corrections, and/or the University of Massachusetts Medical School and/or acted independently of those statutes, regulations, customs and usages.

16. At all times material to this complaint, the defendants Bridgewater State Hospital, the Department of Mental Health, and the Department of Corrections were body politics, administrative agencies, or subdivisions of the Commonwealth of Massachusetts employing Kenneth Nelson, Elizabeth Childs, Kathleen M. Dennehy, and the University of Massachusetts Medical School.

## Facts

17. On or about Saturday, August 28, 2004, William Mosher, Jr. was a patient of the defendants in the custody of the defendants and housed at the Bridgewater State Hospital.

18. On or about Saturday, August 28, 2004, Bradley Burns was a patient of the defendants in the custody of the defendants

7

and housed at the Bridgewater State Hospital.

19.  On or about Saturday, August 28, 2004, William Mosher, Jr. was murdered by Bradley Burns while both Mr. Mosher and Mr. Burns were in custody of the defendants and housed at the Bridgewater State Hospital.

20.  At the time Bradley Burns murdered William Mosher, Jr., Mr. Burns had been given access to patients and inmates of the Bridgewater State Hospital by the defendants despite and after exhibiting violent, dangerous, and life threatening behavior.

21.  At all times material to this complaint, the Bridgewater State Hospital harbored, encouraged, and cultivated conditions of confinement that placed inmates and patients held in the custody of the Commonwealth of Massachusetts in imminent threat of bodily harm and death.  This violent condition of confinement was persistent, continuing, and systemic.

22.  At all times relevant to this complaint, patients and inmates held in the custody of the Commonwealth of Massachusetts at Bridgewater State Hospital have suffered bodily injury at the hands of other inmates, patients, staff officers, and staff of the facility.

23.  At all times material to this complaint, the defendants were aware of the conditions of confinement and

8

treatment of inmates and patients by other inmates, patients, staff officers, and staff of the Bridgewater State Hospital.

24. At all times material to this complaint, the defendants had the responsibility to protect the safety of inmates and patients housed at the Bridgewater State Hospital.

25. At all times material to this complaint, the defendants were aware and had been put on notice of Bradley Burn's violent past, and were aware and put on notice that he posed an imminent threat to the health and safety of other inmates and/or patients at the Bridgewater State Hospital including William Mosher, Jr.

26. At all times material to this complaint, the defendants negligently and intentionally placed Bradley Burns in a position to access other inmates and patients of the Bridgewater State Hospital when they knew he posed a serious and imminent threat to the health and safety of other inmates and patients at the Bridgewater State Hospital.

27. The failure of the defendants to protect William Mosher, Jr., from attack and murder at the hands of Bradley Burns, constituted negligence rising to the level of deliberate indifference and/or reckless disregard for William Mosher, Jr.'s safety.

28. The defendants failed to exercise reasonable care to

9

provide reasonable protection to William Mosher, Jr., from the
unreasonable risk the Defendants created that Bradley Burns
would cause him harm.

29.  The conduct of the defendants amounts to the
infliction of summary punishment and/or cruel and unusual
punishment upon William Mosher, Jr.

FIRST CAUSE OF ACTION
COUNT I
42 U.S.C SECTION 1983

30.  The plaintiffs re-allege and incorporate by reference
the allegations contained in paragraphs 1 through 29 of this
complaint as if fully set forth.

31.  The conduct of the defendants constituted cruel and
unusual punishment and deprived William Mosher, Jr. of his right
to Due Process of Law under the laws of the Constitution of the
United States, in particular the Fourth, Eighth, and Fourteenth
Amendments thereof.

THE CONDUCT OF KENNETH NELSON

32.  At all times relevant to this complaint, Kenneth
Nelson, individually and as Superintendent of Bridgewater State
Hospital, failed to take steps necessary to exercise a
reasonable degree of supervision and control over the
Bridgewater State Hospital staff, administrators, clinical

10

advisors and practitioners when he knew or should have known
that Bradley Burns posed a threat to the safety of patients and
inmates at the Bridgewater State Hospital.

33. Such negligent, willful, malicious, deliberately
indifferent, and intentional failure resulted in and was the
proximate cause of the death of William Mosher, Jr., and the
harm to the other plaintiffs and caused William Mosher, Jr. to
suffer prolonged grievous and conscious pain and suffering.

34. As a direct and proximate result of Kenneth Nelson's
failure to exercise a proper degree of supervision and control
over the above-described unlawful and malicious acts of the
Bridgewater State Hospital, including its staff, administration,
clinical advisors and practitioners Bradley Burns was allowed
access to William Mosher, Jr., and caused his death. Kenneth
Nelson's conduct, at all relevant times, was committed under his
authority as Superintendent of the Bridgewater State Hospital,
and while acting in that capacity. William Mosher, Jr. was
deprived of his rights under the laws of the Constitution of the
United States, in particular the First, Fourth, Fifth, Eighth,
and Fourteenth Amendments thereof and 42 U.S.C.A, Section 1983.

35. As a direct and proximate result of the conduct of
Kenneth Nelson, William Mosher, Jr., was the victim of summary
punishment. The punishment administered constituted cruel and

11

unusual punishment and deprived the plaintiff of his rights to Due Process of Law under the laws and Constitution of the United States, in particular, the Fourth, Eighth, and Fourteenth Amendments thereof.

36. As a direct and proximate result of the conduct of Kenneth Nelson, William Mosher, Jr., was deprived of rights and immunities secured to him under the Constitution and laws of the United States and of the Commonwealth of Massachusetts including, but not limited to, his rights under the Fourteenth Amendment to be secure in his person and to be free from punishment without Due Process, and to equal protection of the laws.

## THE CONDUCT OF ELIZABETH CHILDS

37. At all times relevant to this complaint, Elizabeth Childs, individually and as Commissioner Of The Commonwealth Of Massachusetts Department Of Mental Health, failed to take steps necessary to exercise a reasonable degree of supervision and control over the Bridgewater State Hospital, its staff, administrators, clinical advisors and practitioners when she knew or should have known that Bradley Burns posed a threat to the safety of patients and inmates at the Bridgewater State Hospital.

38. Such negligent, willful, malicious, deliberately

12

indifferent, and intentional failure resulted in and was the
proximate cause of the death of William Mosher, Jr., and the
harm to the other plaintiffs and caused William Mosher, Jr. to
suffer prolonged grievous and conscious pain and suffering.

39.  As a direct and proximate result of Elizabeth Childs'
failure to exercise a proper degree of supervision and control
over the above-described unlawful and malicious acts of the
Bridgewater State Hospital, including its staff, administration,
clinical advisors and practitioners, Bradley Burns was allowed
access to William Mosher, Jr., and caused his death.  Elizabeth
Childs' conduct, at all relevant times, was committed under her
authority as Commissioner of The Commonwealth of Massachusetts
Department of Mental Health, and while acting in that capacity.
William Mosher, Jr. was deprived of his rights under the laws of
the Constitution of the United States, in particular the First,
Fourth, Fifth, Eighth, and Fourteenth Amendments thereof and 42
U.S.C.A, Section 1983.

40.  As a direct and proximate result of the conduct of
Elizabeth Childs, William Mosher, Jr., was the victim of summary
punishment.  The punishment administered constituted cruel and
unusual punishment and deprived the plaintiff of his rights to
Due Process of Law under the laws and Constitution of the United
States, in particular, the Fourth, Eighth, and Fourteenth

13

Amendments thereof.

41. As a direct and proximate result of the conduct of
Elizabeth Childs, William Mosher, Jr., was deprived of rights
and immunities secured to him under the Constitution and laws of
the United States and of the Commonwealth of Massachusetts
including, but not limited to, his rights under the Fourteenth
Amendment to be secure in his person and to be free from
punishment without Due Process, and to equal protection of the
laws.

## THE CONDUCT OF KATHLEEN M. DENNEHY

42. At all times relevant to this complaint, Kathleen M.
Dennehy, individually and as Commissioner of the Commonwealth of
Massachusetts Department of Corrections, failed to take steps
necessary to exercise a reasonable degree of supervision and
control over the Bridgewater State Hospital, its staff,
administrators, clinical advisors and practitioners when she
knew or should have known that Bradley Burns posed a threat to
the safety of patients and inmates at the Bridgewater State
Hospital.

43. Such negligent, willful, malicious, deliberately
indifferent and intentional failure resulted in and was the
proximate cause of the death of William Mosher, Jr., and the
harm to the other plaintiffs and caused William Mosher, Jr. to

suffer prolonged grievous and conscious pain and suffering.

44. As a direct and proximate result of Kathleen M. Dennehy's failure to exercise a proper degree of supervision and control over the above-described unlawful and malicious acts of the Bridgewater State Hospital, including its staff, administration, clinical advisors and practitioners, Bradley Burns was allowed access to William Mosher, Jr., and caused his death. Kathleen M. Dennehy's conduct, at all relevant times, was committed under her authority as Commissioner of the Commonwealth of Massachusetts Department of Corrections, and while acting in that capacity. William Mosher, Jr. was deprived of his rights under the laws of the Constitution of the United States, in particular the First, Fourth, Fifth, Eighth, and Fourteenth Amendments thereof and 42 U.S.C.A, Section 1983.

45. As a direct and proximate result of the conduct of Kathleen M. Dennehy, William Mosher, Jr., was the victim of summary punishment. The punishment administered constituted cruel and unusual punishment and deprived the plaintiff of his rights to Due Process of Law under the laws and Constitution of the United States, in particular, the Fourth, Eighth, and Fourteenth Amendments thereof.

46. As a direct and proximate result of the conduct of Kathleen M. Dennehy, William Mosher, Jr., was deprived of rights

15

and immunities secured to him under the Constitution and laws of the United States and of the Commonwealth of Massachusetts including, but not limited to, his rights under the Fourteenth Amendment to be secure in his person and to be free from punishment without Due Process, and to equal protection of the laws.

## Second Cause of Action
## COUNT II
## 42 U.S.C. SECTION 1983 CONSPIRACIES

47.  The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 46 of this complaint as if fully set forth.

48.  During all times material to this complaint Kenneth Nelson, Elizabeth Childs, Kathleen M. Dennehy, and the University of Massachusetts Medical School separately and in concert, acted under color of law, ordinances, and regulations of the Commonwealth of Massachusetts. As a result of the aforesaid unconstitutional and illegal acts by said defendants, the plaintiff William Mosher, Jr., suffered death, conscious pain and suffering, loss of earnings, and anguish of mind. The remaining plaintiffs suffered pain and suffering, loss of earnings, and anguish of mind.

49.  The aforementioned conditions of confinement at

16

Bridgewater State Hospital are and were unconstitutional and otherwise illegal and improper.

50.  The defendants, having knowledge of the unconstitutional and otherwise illegal and improper conditions of confinement, consciously took steps and/or willfully, intentionally, and/or deliberately encouraged, created, or purposely ignored and perpetuated the conditions of confinement in furtherance of this scheme.

51.  The conduct of the defendants was in violation of the plaintiff, William Mosher, Jr.'s rights to Due Process of Law and were in violation of his rights under the laws and Constitution of the United States, in particular the First, Fourth, Fifth, Eighth, and Fourteenth Amendments thereof and 42 U.S.C. Section 1983.

### Third Cause of Action
### COUNT III
### 42 U.S.C. SECTION 1985(3) CONSPIRACIES

52.  The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 51 of this complaint as if fully set forth.

53.  William Mosher, Jr. was a member of a class of persons who were patients at Bridgewater State Hospital, in the custody of the Commonwealth of Massachusetts, receiving treatment for

17

emotional disorders, and identified as a class in accordance
with the provisions of Title 42, U.S.C. § 1985 et seq.

54.  The aforementioned conduct of the individual defendants
was conduct motivated by class-based invidiously discriminatory
animus towards the class of persons who were patients at
Bridgewater State Hospital, in the custody of the Commonwealth
of Massachusetts, receiving treatment for emotional disorders of
which William Mosher, Jr. was a member.

55.  The conduct of the individual defendants was intended
and/or did deprive William Mosher, Jr., as a member of the
aforementioned class, of equal protection of law or of equal
privileges and immunities under law guaranteed in accordance
with the Thirteenth and Fourteenth Amendments of the
Constitution of the United States and was the direct and
proximate cause of his death.

### Fourth Cause of Action
### COUNT IV
### 42 U.S.C. SECTION 1986 CONSPIRACIES

56.  The plaintiffs re-allege and incorporate by reference
the allegations contained in paragraphs 1 through 55 of this
complaint as if fully set forth.

57.  The defendants had knowledge of the conditions of
confinement at the Bridgewater State Hospital.

18

58. The defendants had the power to prevent or aid in prevention of the conditions of confinement at the Bridgewater State Hospital.

59. The defendants neglected and/or refused to prevent or aid in prevention of the conditions of confinement at the Bridgewater State Hospital.

60. The defendants had knowledge that Bradley Burns posed a serious and imminent threat to the health and safety of inmates and patients, including William Mosher, Jr., at the Bridgewater State Hospital.

61. The defendants had the power to prevent or aid in prevention of the death of William Mosher, Jr. at the hands of Bradley Burns while they were in the custody of the Commonwealth of Massachusetts at the Bridgewater State Hospital.

62. The defendants neglected and/or refused to prevent or aid in prevention of the death of William Mosher, Jr. at the hands of Bradley Burns while they were in the custody of the Commonwealth of Massachusetts at the Bridgewater State Hospital.

63. The above stated conduct of the defendants constituted a conspiracy prohibited by Title 42 U.S.C., section 1986 in that there was an agreement and/or a concerted action by the defendants to commit the acts prohibited.

64. The conduct of the individual defendants was intended

19

and/or did deprive William Mosher, Jr., of equal protection of law or of equal privileges and immunities under law guaranteed in accordance with the Thirteenth and Fourteenth Amendments of the Constitution of the United States and was the direct and proximate cause of his death.

Fifth Cause of Action
COUNT V
University of Massachusetts Medical School

65.   The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 64 of this complaint as if fully set forth.

66.   At all times material to this complaint, the University of Massachusetts Medical School rendered medical treatment to Bradley Burns and was required to render same in accordance with accepted standards of medical care and treatment.

67.   The University of Massachusetts Medical School breached its duty when it negligently and carelessly treated Bradley Burns and in so doing created a foreseeable and unreasonable risk of harm to third parties, including the decedent, William Mosher, Jr.

68.   The conscious pain and suffering and the death of the decedent, William Mosher, Jr. and the damage to his estate and the remaining plaintiffs were the direct and proximate result of

20

the defendant's carelessness, unskillfulness, negligence and improper care and treatment.

WHEREFORE, on grounds of the conduct of all defendants as alleged herein and set forth by all aforementioned counts of this complaint, the Plaintiffs demand the following relief jointly and severally against all defendants:

1.    A declaratory judgment that the policies, practices and acts complained of herein are illegal and unconstitutional;

2.    Compensatory and punitive damages in the amount of One Hundred and Fifty Million ($150,000,000.00) Dollars for the above-described wrongful death and damages, including conscious pain and suffering, the loss of the decedent's reasonably expected net income, funeral and burial expenses, medical and hospital expenses, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent to the persons entitled to the damages recovered, including interest and costs.

3.    Costs, including reasonable attorneys' fees incurred by the plaintiffs in bringing this action.

4.    Interest on the award of damages.

5.    Such further relief as this Court may deem appropriate.

6.    The Plaintiffs demand Jury Trial.

21

RESPECTFULLY SUBMITTED,
The Plaintiffs,
By their counsel:

Joseph James Balliro, Jr.
BALLIRO & MONDANO
99 Summer Street
Suite 1800
Boston, Massachusetts 02110
(617) 737-8442
BBO# 550194

November 22, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  **Title of case (name of first party on each side only)**    **William Mosher v. Kenneth Nelson**

2.  **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).**

| | | | |
|---|---|---|---|
| —— | I. | 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT. | |
| X | II. | 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. | *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
| —— | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. | |
| —— | IV. | 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. | |
| —— | V. | 150, 152, 153. | |

3.  **Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**

    N/A

4.  **Has a prior action between the same parties and based on the same claim ever been filed in this court?**

    YES ☐    NO X☐

5.  **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)**

    YES ☐    NO X☐

    **If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?**

    YES ☐    NO X☐

6.  **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**

    YES ☐    NO X☐

7.  **Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**

    YES X☐    NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?

    Eastern Division X☐    Central Division ☐    Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,  residing in Massachusetts reside?

    Eastern Division ☐    Central Division ☐    Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME    Joseph J. Balliro, Jr.

ADDRESS    Balliro & Mondano, 99 Summer Street, Boston, Massachusetts 02110

TELEPHONE NO.    (617) 737-8442

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** William Mosher, administrator
William Mosher, Jr., Carolyn Mosher,
Brandon Mosher, Kacie Mosher, Kortney
Mosher

**DEFENDANTS** Kenneth Nelson
Elizabeth Childs, Kathleen Dennehy
Bridgewater State Hospital, Dpt. of
Corrections, Dpt. Mental Health,
University of Mass. Med. School

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

Plaintiffs reside in State of Arizona

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Joseph J. Balliro, Jr., Balliro & Mondano
99 Summer St., Suite 1800, Boston, MA
02110 (617) 737-8442

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgement<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury — Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| | | | **PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. 1983, 1985, 1986, 1988

Plaitiff son murdered  in custody by other inmate.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE 12/4/04

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____