UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12560 MLW

| | |
|---|---|
| WILLIAM MOSHER, Individually and as administrator of the Estate of WILLIAM MOSHER, JR., CAROLYN MOSHER, BRANDON MOSHER, KACIE MOSHER, and KORTNEY MOSHER,<br>    Plaintiffs,<br><br>V.<br><br>KENNETH NELSON, Individually and as Superintendent of BRIDGEWATER STATE HOSPITAL, ELIZABETH CHILDS, Individually and as Commissioner of the COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF MENTAL HEALTH, KATHLEEN M. DENNEHY, Individually and as Commissioner of the COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF CORRECTIONS, THE COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF CORRECTIONS and the UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL,<br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANT UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL'S ANSWER
TO COMPLAINT AND JURY TRIAL DEMAND**

**FIRST DEFENSE**

The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Defendant, University of Massachusetts Medical School (the "Defendant"), responds to the allegations of the Plaintiffs' Complaint as follows:

954792v1

## STATEMENT OF JURISDICTION

1. This paragraph does not set forth any factual allegations against the Defendant, and thus, no response is required. To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

2. This paragraph calls for a conclusion of law, and thus, no response is required. To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

3. This paragraph calls for a conclusion of law, and thus, no response is required. To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

5. [sic] The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

4. [sic] This paragraph calls for a conclusion of law, and thus, no response is required. To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

6. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

## PARTIES

7. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

8. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

9. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

10. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

11. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

12. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. To the extent this paragraph alleges any negligence or wrongdoing on the part of this defendant, the allegations are denied.

13.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.  To the extent this paragraph alleges any negligence or wrongdoing on the part of this defendant, the allegations are denied.

14.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.  To the extent this paragraph alleges any negligence or wrongdoing on the part of this defendant, the allegations are denied.

15.     The Defendant admits that the University of Massachusetts Medical School is a public educational facility.  The Defendant admits only that at certain periods of time it provided certain medical services to inmates within facilities of the Department of Correction.  The allegation that at all times relevant to the subject matter of this action, the University of Massachusetts Medical School acted either under color of official capacity and/or acted under color of the statutes, regulations, customs and usage of the Bridgewater State Hospital, the Department of Corrections, the Department of Mental Health, the Department of Corrections, and/or the University of Massachusetts Medical School and/or acted independently of those statutes, regulations, customs and usages calls for a conclusion of law, and thus, no response is required.  The Defendant denies the remaining allegations set forth in this paragraph.

16.     Denied.

Facts

17.     This paragraph calls for a conclusion of law, and thus, no response is required. To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

18.     This paragraph calls for a conclusion of law, and thus, no response is required. To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

19.     This paragraph does not set forth any factual allegations against the Defendant, and thus, no response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

20.     Denied.

21.     The allegations set forth in this paragraph do not pertain to the Defendant, and thus, no response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

22.     Denied.

23.     Denied.

954792v1

24. This paragraph calls for a conclusion of law, and thus, no response is required. To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

25. Denied.
26. Denied.

27. Denied.

28. Denied.

29. Denied.

## FIRST CAUSE OF ACTION
## COUNT I
## 42 U.S.C. SECTION 1983

30. The Defendant repeats and reavers its responses to Paragraphs 1 through 29 as if fully set forth herein.

31. Denied.

## THE CONDUCT OF KENNETH NELSON

32. The allegations set forth in this paragraph do not pertain to the Defendant, and thus, no response is required. To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

33. The allegations set forth in this paragraph do not pertain to the Defendant, and thus, no response is required. To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

34. The allegations set forth in this paragraph do not pertain to the Defendant, and thus, no response is required. To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

35. The allegations set forth in this paragraph do not pertain to the Defendant, and thus, no response is required. To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

36. The allegations set forth in this paragraph do not pertain to the Defendant, and thus, no response is required. To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

## THE CONDUCT OF ELIZABETH CHILDS

37.     The allegations set forth in this paragraph do not pertain to the Defendant, and thus, no response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

38.     The allegations set forth in this paragraph do not pertain to the Defendant, and thus, no response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

39.     The allegations set forth in this paragraph do not pertain to the Defendant, and thus, no response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

40.     The allegations set forth in this paragraph do not pertain to the Defendant, and thus, no response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

41.     The allegations set forth in this paragraph do not pertain to the Defendant, and thus, no response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

## THE CONDUCT OF KATHLEEN M. DENNEHY

42.     The allegations set forth in this paragraph do not pertain to the Defendant, and thus, no response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

43.     The allegations set forth in this paragraph do not pertain to the Defendant, and thus, no response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

44.     The allegations set forth in this paragraph do not pertain to the Defendant, and thus, no response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

45.     The allegations set forth in this paragraph do not pertain to the Defendant, and thus, no response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

46.     The allegations set forth in this paragraph do not pertain to the Defendant, and thus, no response is required.  To the extent a response is deemed necessary, the Defendant denies any and all allegations of wrongdoing.

954792v1

WHEREFORE, the Defendant requests that Count I of the Complaint be dismissed, and that it be awarded costs, attorneys' fees and such other further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## COUNT II
## 42 U.S.C. SECTION 1983 CONSPIRACIES

47. The Defendant repeats and reavers its responses to Paragraphs 1 through 46 as if fully set forth herein.

48. The allegation that during all times material to this complaint Kenneth Nelson, Elizabeth Childs, Kathleen M. Dennehy, and the University of Massachusetts Medical School separately and in concert, acted under color of law, ordinances, and regulations of the Commonwealth of Massachusetts calls for a conclusion of law, and thus, no response is required. The Defendant denies the remaining allegations set forth in this paragraph.

49. Denied.

50. Denied.

51. Denied.

WHEREFORE, the Defendant requests that Count II of the Complaint be dismissed, and that it be awarded costs, attorneys' fees and such other further relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
## COUNT III
## 42 U.S.C. SECTION 1985 (3) CONSPIRACIES

52. The Defendant repeats and reavers its responses to Paragraphs 1 through 51 as if fully set forth herein.

53. This paragraph calls for a conclusion of law, and thus, no response is required.

54. Denied.

55. Denied.

WHEREFORE, the Defendant requests that Count III of the Complaint be dismissed, and that it be awarded costs, attorneys' fees and such other further relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
## COUNT IV
## 42 U.S.C. SECTION 1986 CONSPIRACIES

56. The Defendant repeats and reavers its responses to Paragraphs 1 through 55 as if fully set forth herein.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

WHEREFORE, the Defendant requests that Count IV of the Complaint be dismissed, and that it be awarded costs, attorneys' fees and such other further relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
## COUNT V
## UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL

65. The Defendant repeats and reavers its responses to Paragraphs 1 through 64 as if fully set forth herein.

66. The Defendant admits that at certain periods of time it provided medical treatment to Bradley Burns. The remaining allegations call for a conclusion of law, and thus no response is required. To the extent a response is deemed necessary, the defendant denies any and all allegations of wrongdoing.

67. Denied.

68. Denied.

WHEREFORE, the Defendant requests that Count V of the Complaint be dismissed, and that it be awarded costs, attorneys' fees and such other further relief as this Court deems just and proper.

DEMANDS FOR RELIEF

The Defendant denies that the plaintiffs are entitled to any of the relief requested in paragraphs 1-5 or to recovery in any amount.

**THIRD DEFENSE**

The Defendant denies that the plaintiffs are entitled to any of the relief requested in their Complaint.

**FOURTH DEFENSE**

By way of affirmative defense, the Defendant says that if the plaintiffs suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct this Defendant was not and is not legally responsible.

**FIFTH DEFENSE**

By way of affirmative defense, the Defendant says that the action is barred by the applicable statutes of limitations.

**SIXTH DEFENSE**

By way of affirmative defense, the Defendant says that the action should be dismissed because of lack of jurisdiction over the Defendant.

**SEVENTH DEFENSE**

By way of affirmative defense, the Defendant says that the plaintiffs, by their conduct and actions and/or the conduct and actions of their agents and servants, is estopped to recover any judgment against the Defendant.

**EIGHTH DEFENSE**

By way of affirmative defense, the Defendant says that the plaintiffs, by their conduct and actions and/or the conduct and actions of their agents and servants, have waived any and all rights they may have had against the Defendant, and, therefore, the plaintiffs cannot recover in this action.

**NINTH DEFENSE**

By way of affirmative defense, the Defendant says that the plaintiffs consented to the Defendant's alleged conduct, acts and statements and, therefore, the plaintiffs cannot recover.

**TENTH DEFENSE**

By way of affirmative defense, the Defendant says that it is protected from liability by qualified immunity for any of the matters raised in the plaintiffs' Complaint.

954792v1

WHEREFORE, the Defendant requests that all counts of the Complaint be dismissed and that it be awarded costs, attorney's fees and such further relief as this Court deems appropriate.

## JURY TRIAL DEMAND

The Defendant demands a trial by jury as to all issues to which it is entitled as a matter of right.

Respectfully submitted,
UNIVERSITY OF MASSACHUSETTS
MEDICAL SCHOOL,
By its attorneys,

**MORRISON MAHONEY, LLP**

**/s/ James A. Bello**
_____
James A. Bello, BBO #633550
Lynne McNeill, BBO #644721
250 Summer Street
Boston, MA 02210
(617) 439-7500

954792v1