```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS

                            CIVIL ACTION NO: 04-12560 MLW
```

**************************************************
WILLIAM MOSHER, individually and as
administrator of the Estate of WILLIAM
MOSHER, JR., CAROLYN MOSHER, BRANDON MOSHER,
KACIE MOSHER, and KORTNEY MOSHER,
     Plaintiffs,

            V.

KENNETH NELSON, Individually and as
Superintendent of BRIDGEWATER STATE HOSPITAL,
BRIDGEWATER STATE HOSPITAL, ELIZABETH CHILDS,
Individually and as Commissioner of the
COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF
MENTAL HEALTH, THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF MENTAL HEALTH, KATHLEEN M. DENNEHY,
Individually and as COMMISSIONER OF THE
COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF
CORRECTIONS, THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF CORRECTIONS and the UNIVERSITY OF
MASSACHUSETTS MEDICAL SCHOOL,
     Defendants.
**************************************************

**PLAINTIFFS' RESPONSE TO DEFENDANT UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL'S MOTION FOR REFERRAL TO STATE COURT FOR THE CONVENING OF A MEDICAL MALPRACTICE TRIBUNAL AND REQUEST FOR STAY OF ORDER TO CONDUCT LIMITED DISCOVERY**

Now come the plaintiffs in the above captioned matter and respectfully request that should this Court consider the defendant's request appropriate, that this Court stay the order of referral and allow the plaintiffs to conduct limited discovery.

As reasons therefore the plaintiffs, through counsel,

state the following:

1. This matter involves the death of William Mosher at the hands of Bradley Burns. Both Mr. Mosher and Mr. Burns were patient/inmates at the Bridgewater State Hospital.

2. The plaintiffs assert that despite a recent violent history and emotional instability, the University of Massachusetts Medical School failed to properly diagnose Mr. Burns as a significant enough danger and that he was permitted access to other patients/inmates including Mr. Mosher, whom he strangled. It can be expected the defendant will defend that they did not fail to rendered medical treatment to Bradley Burns in accordance with accepted standards of medical care and treatment.

3. The plaintiff does not represent Mr. Burns and has not had access to Mr. Burns records which, by their very nature, may be privileged. As a result, the plaintiffs are seriously hampered in the ability to obtain a sufficient opinion from an expert to meet their burden at the state tribunal.

4. The plaintiffs request permission from this Court to conduct reasonable discovery into the medical history and records of Mr. Burns and to have the opportunity to be heard on any refusal to disclose based on privilege asserted by any

party including the Commonwealth of Massachusetts in the context of the first degree murder case pending against Mr. Burns.

5. In order to expedite this requested process and insofar as this Court deems it appropriate, the plaintiffs hereby make demand in accordance with the provisions of Rule 34; 34(1), et seq. of the Federal Rules of Civil Procedure for the disclosure of any and all records including medical and psychiatric records related to any evaluation or condition giving rise to Mr. Burns commitment to, conducted at, or otherwise related to the Bridgewater State Hospital, the prosecution of Mr. Burns by the Commonwealth of Massachusetts, or the death of Mr. Mosher.

                              RESPECTFULLY SUBMITTED,
                              The Plaintiffs,
                              By their counsel:

                              _____
                              Joseph J. Balliro, Jr., Esquire
                              BALLIRO & MONDANO
                              99 Summer Street
                              Suite 1800
                              Boston, Massachusetts 02110
                              (617) 737-8442
                              BBO# 550194

January 24, 2004