UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                       )
WILLIAM MOSHER, ADMINISTRATOR of       )
The estate of WILLIAM MOSHER, JR.,     )
CAROLYN MOSHER, BRANDON MOSHER,        )
KACIE MOSHER AND KORTNEY MOSHER,       )
                                       )
        Plaintiffs                     )         04-12560-MLW
                                       )
vs.                                    )
                                       )
KENNETH NELSON, Individually and as    )
SUPERINTENDENT of the BRIDGEWATER      )
STATE HOSPITAL, et al.                 )
                                       )
        Defendants                     )
_____)

**ANSWER AND JURY DEMAND OF THE DEFENDANTS KENNETH NELSON, INDIVIDUALLY AND AS SUPERINTENDENT OF BRIDGEWATER STATE HOSPITAL, BRIDGEWATER STATE HOSPITAL, KATHLEEN M. DENNEHY, INDIVIDUALLY AND AS COMMISSIONER OF THE COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF CORRECTION, THE COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF CORRECTION, AND ELIZABETH CHILDS, INDIVIDUALLY AND AS COMMISSIONER OF THE COMMONWEALTH OF <u>MASSACHUSETTS DEPARTMENT OF MENTAL HEALTH</u>**

The defendants Kenneth Nelson ("Nelson"), individually and as Superintendent of Bridgewater State Hospital, Bridgewater State Hospital ("Bridgewater"), Kathleen M. Dennehy, ("Dennehy"), individually and as Commissioner of the Commonwealth of Massachusetts Department of Correction, the Commonwealth of Massachusetts Department of Correction ("DOC"), and Elizabeth Childs ("Childs"), individually and as Commissioner of the Commonwealth of Massachusetts Department of Mental Health ("DMH"), answer the complaint in this action as follows.

For convenience of reference, the foregoing defendants are herein referred to as "the defendants" wherever a portion of this answer applies to all of them. Elsewhere in this answer, the defendants Nelson, Bridgewater, Dennehy and DOC are referred to collectively as "the DOC defendants," and the defendants Childs and DMH are referred to as "the DMH defendants." The true name of the defendant denominated in the complaint as "Department of Corrections" is "Department of Correction."

1.  To the extent that this paragraph states one or more conclusions of law, no answer is required. The remaining allegations are denied.

2.  To the extent that this paragraph states one or more conclusions of law, no answer is required. The remaining allegations are denied.

3.  To the extent that this paragraph states one or more conclusions of law, no answer is required. The remaining allegations are denied.

4.  The fourth paragraph is numbered "5." The defendants are without knowledge sufficient to admit or deny the allegations of this paragraph, and therefore deny all such allegations.

5.  The fifth paragraph is numbered "4." The defendants deny the allegations of this paragraph.

6.  The defendants admit that plaintiff's counsel sent a letter dated September 16, 2004 to Attorney General Reilly at his office address as stated. Said letter speaks for itself, and the remaining allegations of this paragraph are denied.

7-11.  The defendants are without knowledge sufficient to admit or deny the allegations of these paragraphs, and therefore deny all such allegations.

12. The defendants admit the allegations of the first sentence of this paragraph. To the extent that the remainder of this paragraph states one or more conclusions of law, no answer is required. The remaining allegations are denied.

13. The defendants admit the allegations of the first sentence of this paragraph. To the extent that the remainder of this paragraph states one or more conclusions of law, no answer is required. The remaining allegations are denied.

14. The defendants admit the allegations of the first sentence of this paragraph. To the extent that the remainder of this paragraph states one or more conclusions of law, no answer is required. The remaining allegations are denied.

15. The DMH defendants deny that the University of Massachusetts Medical School provided any services to DMH at Bridgewater, and are without knowledge sufficient to admit or deny the remaining allegations of this paragraph, and therefore deny all such allegations. The DOC defendants admit that the University of Massachusetts Medical School provided clinical, medical and psychiatric services to patients and inmates at Bridgewater. To the extent that the remainder of this paragraph states one or more conclusions of law, no answer is required. The DOC defendants deny the remaining allegations of the paragraph.

16. The defendants admit that DOC and DMH are agencies of the Commonwealth of Massachusetts, that Nelson and Dennehy are employed by DOC, that Bridgewater is a DOC facility, and that Childs is employed by DMH. The defendants deny the remaining allegations of this paragraph.

17-19.  The defendants admit that William Mosher, Jr. ("Mosher") and Bradley Burns ("Burns") were housed at Bridgewater in the custody of DOC on or about August 28, 2004, and deny that Mosher or Burns were patients of the DMH defendants.

20-64. The defendants deny the allegations of these paragraphs.

65-68. These paragraphs do not call for an answer by these defendants.

The defendants assert the following affirmative defenses, reserving the right to bring additional affirmative defenses:

### AFFIRMATIVE DEFENSE No. 1

Each count of the complaint fails to state a claim upon which relief may be granted.

### AFFIRMATIVE DEFENSE No. 2

The plaintiffs' claims under federal law against DOC, Bridgewater and DMH are claims against the Commonwealth of Massachusetts and are barred by the Eleventh Amendment of the United States Constitution and principles of sovereign immunity.

### AFFIRMATIVE DEFENSE No. 3

To the extent that the plaintiffs have alleged tort claims against agencies of the Commonwealth, this court lacks subject matter jurisdiction of said claims because of the Eleventh Amendment of the United States Constitution and principles of sovereign immunity.

### AFFIRMATIVE DEFENSE No. 4

The plaintiffs' claims against the individual defendants, Childs, Nelson and Dennehy are barred by qualified immunity.

**DEMAND FOR JURY TRIAL**

The defendants demand trial by jury of all issues so triable.

THOMAS F. REILLY
ATTORNEY GENERAL


" s/ Ronald F. Kehoe"
Ronald F. Kehoe  (BBO# 264260)
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA 02108
(617) 727-2200, ext.  3221

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing document upon the attorneys of record, by mailing a copy, first class, postage prepaid to:

Joseph James Balliro, Jr.
Balliro & Mondano
99 Summer Street
Boston, MA 02110

James A. Bello
Lynne McNeill
Morrison Mahoney, LLP
250 Summer Street
Boston, MA 02210

"   s/ Ronald F. Kehoe"

Dated: February 11, 2005