UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WILLIAM MOSHER, ADMINISTRATOR of The estate of WILLIAM MOSHER, JR., CAROLYN MOSHER, BRANDON MOSHER, KACIE MOSHER AND KORTNEY MOSHER, | ) ) ) ) ) | |
| Plaintiffs | ) ) | 04-12560-MLW |
| vs. | ) ) | |
| KENNETH NELSON, Individually and as SUPERINTENDENT of the BRIDGEWATER STATE HOSPITAL, et al. | ) ) ) ) | |
| Defendants | ) ) | |

**ANSWER TO AMENDED COMPLAINT AND
JURY DEMAND OF THE STATE DEFENDANTS**

The State defendants, Kenneth Nelson ("Nelson"), individually and as Superintendent of Bridgewater State Hospital, Bridgewater State Hospital ("Bridgewater"), Kathleen M. Dennehy, ("Dennehy"), individually and as Commissioner of the Commonwealth of Massachusetts Department of Correction, the Commonwealth of Massachusetts Department of Correction ("DOC"), and Elizabeth Childs ("Childs"), individually and as Commissioner of the Commonwealth of Massachusetts Department of Mental Health ("DMH"), answer the numbered paragraphs of the amended complaint in this action as follows.

For convenience of reference, the foregoing defendants are herein referred to as "the State defendants" wherever a portion of this answer applies to all of them. Elsewhere in this answer, the defendants Nelson, Bridgewater, Dennehy and DOC are referred to collectively as "the DOC defendants," and the defendants Childs and DMH are collectively referred to as "the

DMH defendants." The true name of the defendant denominated in the complaint as "Department of Corrections" is "Department of Correction."

1. To the extent that this paragraph states one or more conclusions of law, no answer is required. The remaining allegations are denied.

2. To the extent that this paragraph states one or more conclusions of law, no answer is required. The remaining allegations are denied.

3. To the extent that this paragraph states one or more conclusions of law, no answer is required. The remaining allegations are denied.

4. The fourth paragraph is numbered "5." The State defendants are without knowledge sufficient to admit or deny the allegations of this paragraph, and therefore deny all such allegations.

5. The fifth paragraph is numbered "4." The State defendants deny the allegations of this paragraph.

6. The State defendants admit that plaintiff's counsel sent a letter dated September 16, 2004 to Attorney General Reilly at his office address as stated. Said letter speaks for itself, and the remaining allegations of this paragraph are denied.

## **PARTIES**

7-11. The State defendants are without knowledge sufficient to admit or deny the allegations of these paragraphs, and therefore deny all such allegations.

12. The State defendants admit the allegations of the first sentence of this paragraph. To the extent that the remainder of this paragraph states one or more conclusions of law, no answer is required. The remaining allegations are denied.

13. The State defendants admit the allegations of the first sentence of this paragraph. To the extent that the remainder of this paragraph states one or more conclusions of law, no answer is required. The remaining allegations are denied.

14. The State defendants admit the allegations of the first sentence of this paragraph. To the extent that the remainder of this paragraph states one or more conclusions of law, no answer is required. The remaining allegations are denied.

15. The State defendants admit the allegations of the first sentence of this paragraph. The DMH defendants deny that the University of Massachusetts Medical School provided any services to DMH at Bridgewater, and are without knowledge sufficient to admit or deny the remaining allegations of this paragraph, and therefore deny all such allegations. The DOC defendants admit that the University of Massachusetts Medical School provided clinical, medical and psychiatric services to patients and inmates at Bridgewater. To the extent that the remainder of this paragraph states one or more conclusions of law, no answer is required. The DOC defendants deny the remaining allegations of the paragraph.

16. The State defendants admit that DOC and DMH are agencies of the Commonwealth of Massachusetts, that Nelson and Dennehy are employed by DOC, that Bridgewater is a DOC facility, and that Childs is employed by DMH. The State defendants deny the remaining allegations of this paragraph.

17. The State defendants are without knowledge sufficient to admit or deny the allegations of this paragraph, and therefore deny all such allegations.

## FACTS

18-20. The State defendants admit that William Mosher, Jr. ("Mosher") and Bradley Burns ("Burns") were housed at Bridgewater in the custody of DOC on or about August 28, 2004. The DMH defendants deny that Mosher or Burns were patients of the DMH defendants or in the custody of DMH at any time. The remaining allegations of these paragraphs are denied..

21-30. The State defendants deny the allegations of these paragraphs.

### FIRST CAUSE OF ACTION - COUNT I - 42 U.S.C. § 1983

31-47. The State defendants deny the allegations of these paragraphs.

### SECOND CAUSE OF ACTION - COUNT II - 42 U.S.C. § 1983 Conspiracies

48-52. The State defendants deny the allegations of these paragraphs.

### THIRD CAUSE OF ACTION - COUNT III - 42 U.S.C. § 1985(3) Conspiracies

53-56. The State defendants deny the allegations of these paragraphs.

### FOURTH CAUSE OF ACTION - COUNT IV- 42 U.S.C. § 1986 Conspiracies

57-65. The State defendants deny the allegations of these paragraphs.

### FIFTH CAUSE OF ACTION - COUNT V
### Malpractice - University of Massachusetts Medical School

66-69. These paragraphs do not call for an answer by the State defendants.

### SIXTH CAUSE OF ACTION - COUNT VI- Malpractice Daniel Comisky

70-73. These paragraphs do not call for an answer by the State defendants.

**SEVENTH CAUSE OF ACTION - COUNT VII - Wrongful Death G.L. c. 229 §2**

74-77. To the extent that these paragraphs state one or more conclusions of law, no answer is required. To the extent that the remaining allegations are allegations of fact, they are admitted.

78.   This paragraph does not call for an answer by the State defendants.

79.   The State defendants admit the allegations of this paragraph.

80-81. The State defendants are without knowledge sufficient to admit or deny the allegations of these paragraphs, and therefore deny all such allegations.

82.   The State defendants deny the allegations of this paragraph.

83-84. The State defendants are without knowledge sufficient to admit or deny the allegations of these paragraphs, and therefore deny all such allegations.

**EIGHTH CAUSE OF ACTION - COUNT VIII-Negligence**

85-99. The State defendants deny the allegations of these paragraphs.

**NINTH CAUSE OF ACTION - COUNT IX-Gross Negligence**

100-102. The State defendants deny the allegations of these paragraphs.

**TENTH CAUSE OF ACTION - COUNT X-Infliction of Emotional Distress**

103-106. The State defendants deny the allegations of these paragraphs.

**ELEVENTH CAUSE OF ACTION - COUNT XI-Loss of Consortium**

107-111. The State defendants deny the allegations of these paragraphs.

**TWELFTH CAUSE OF ACTION - COUNT XII-Strict Liability**

112-116. The State defendants deny the allegations of these paragraphs.

## SEPARATE DEFENSES

The State defendants assert the following separate defenses, reserving the right to bring additional separate defenses:

### Separate Defense No. 1

Each count of the complaint fails to state a claim upon which relief may be granted.

### Separate Defense No. 2

The plaintiffs' claims under federal law against DOC, Bridgewater and DMH, and against the defendants Nelson, Childs and Dennehy in their official capacities, are claims against the Commonwealth of Massachusetts, and are therefore barred by the provisions of the relevant federal statutes, and by the Eleventh Amendment of the United States Constitution, and by principles of sovereign immunity.

### Separate Defense No. 3

The plaintiffs' claims under federal law against the defendants, Childs, Nelson and Dennehy in their individual capacities are barred by qualified immunity.

### Separate Defense No. 4

To the extent that the plaintiffs have alleged tort claims under Massachusetts law against agencies of the Commonwealth, this court lacks subject matter jurisdiction of said claims because of the Eleventh Amendment of the United States Constitution and principles of sovereign immunity.

**Separate Defense  No. 5**

The plaintiffs' claims under Massachusetts law against the defendants, Childs, Nelson and Dennehy in their individual capacities are barred by the immunity provisions of Massachusetts General Laws, Chapter 258.

**WHEREFORE,** the State defendants demand the dismissal of all counts of the amended complaint, and that they be awarded their costs of this action..

**DEMAND FOR JURY TRIAL**

The State defendants demand trial by jury of all issues so triable.

> THOMAS F. REILLY
> ATTORNEY GENERAL
>
>  s/ Ronald F. Kehoe
> Ronald F. Kehoe  (BBO# 264260)
> Assistant Attorney General
> One Ashburton Place, Room 1813
> Boston, MA 02108
> (617) 727-2200, ext.  3221

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing document upon the attorneys of record, by mailing a copy, first class, postage prepaid to:

Joseph James Balliro, Jr.
Balliro & Mondano
99 Summer Street
Boston, MA 02110

James A. Bello
Lynne McNeill
Morrison Mahoney, LLP
250 Summer Street
Boston, MA 02210

and by electronically mailing a copy thereof to said attorneys.

Dated: February 1, 2006                                  s/ Ronald F. Kehoe