UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

                                CIVIL ACTION NO: 04-12560 MLW

**************************************************
WILLIAM MOSHER, individually and as
administrator of the Estate of WILLIAM
MOSHER, JR., CAROLYN MOSHER, BRANDON MOSHER,
KACIE MOSHER, and KORTNEY MOSHER,
    Plaintiffs,

            V.

KENNETH NELSON, Individually and as
Superintendent of BRIDGEWATER STATE HOSPITAL,
BRIDGEWATER STATE HOSPITAL, ELIZABETH CHILDS,
Individually and as Commissioner of the
COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF
MENTAL HEALTH, THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF MENTAL HEALTH, KATHLEEN M. DENNEHY,
Individually and as COMMISSIONER OF THE
COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF
CORRECTIONS, THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF CORRECTIONS and the UNIVERSITY OF
MASSACHUSETTS MEDICAL SCHOOL,
    Defendants.
**************************************************

           **JOINT STATEMENT CONCERNING PRETRIAL SCHEDULE**

I.   Current Status of Case

     A.   On March 14, 2005 this Court ordered the transfer of
the plaintiffs' negligence claims as against the defendant
University of Massachusetts Medical School for the purposes of
a Medical Malpractice Tribunal.

     B.   On or about March 18, 2005, and pursuant
obligations for automatic discovery, counsel for the plaintiffs
listed, identified, and advised counsels for the Defendants
that he possessed approximately 240 documents available for
inspection and copying.

C.  On January 25, 2006 this Court granted the Plaintiffs' Motion to Amend the Complaint to add Count VI - Medical Malpractice against Dr. Daniel W. Comisky; Count VII- Wrongful Death; MGL ch. 229 §2; Count VIII – Negligence; Count IX - Gross Negligence; Count X - Infliction of Emotional Distress; Count XI - Loss of Consortium; and Count XII - Strict Liability.

D.  Counsel for the University of Massachusetts Medical School has agreed to accept service for Dr. Comisky.

E.  Counsel for the Plaintiffs will serve the remaining Defendants per order of this Court.

F.  Counsel for the Plaintiffs has made available and, upon information and belief, counsel for University of Massachusetts Medical School has copied all 240 records in the possession of plaintiffs' counsel referenced in counsel for the plaintiffs March 18, 2005 Local Rule 26.2(a) disclosure.

G.  Counsel for the Plaintiffs has offered counsel for the remaining Defendants access to the same records disclosed to counsel for University of Massachusetts Medical School.

H.  The Superior Court Department of Suffolk County has not convened the Medical Malpractice Tribunal.

I.  Plaintiffs' Counsel has composed, but not served, 16 Requests for Production of Documents propounded on Kenneth Nelson, Individually and as Superintendent of Bridgewater State Hospital.

J.  Plaintiffs' Counsel has composed, but not served, two (2) subpoena Duces Tecum for the Keeper of The Records Bridgewater State Hospital, 20 Administration Road, Bridgewater, Ma 02324 and Keeper Of The Records, University Of Massachusetts Medical School, 55 Lake Avenue, North Worcester, Ma 01655.

K.  Counsel for the Plaintiffs is in the process of retaining counsel to represent the Plaintiffs at the Medical Malpractice Tribunal and to potentially prosecute the individual medical malpractice claims in this Court.

II.  <u>Agenda of Matters to be Discussed</u>

    A.  What Counts in the complaint were intended to be transferred by this Court's order of March 14, 2005.

    B.  Whether this Court intends to refer Count VI of the Amended Complaint alleging medical malpractice on the part of Dr. Comisky to the Superior Court Department of Suffolk County to be consolidated with Medical Malpractice Tribunal on Count V and/or other counts.

    C.  Whether this Court intends to permit discovery pending hearing and/or decision by the Medical Malpractice Tribunal of Suffolk County.

    D.  The discovery by Plaintiffs' counsel of the medical and/or psychological records and the Department of Corrections/Bridgewater State Hospital folder of Bradley Burns including the investigative materials related to his prosecution in the Superior Court Department.

    E.  The discovery by Plaintiffs' counsel of the medical and/or psychological records and the Department of Corrections/Bridgewater State Hospital folder of William Mosher, Jr., the decedent, including the investigative materials related to his prosecution in the Superior Court Department.

    F.  The discovery by Plaintiffs counsel of records:

        1.  Regarding policies and procedures concerning the classification, care and custody of inmates/patients of Bridgewater State Hospital.

        2.  Of all written statements, memoranda, reports, incident reports or other documents pertaining to any and all violent occurrences involving Bradley Burns prior to his placement in Bridgewater State Hospital.

        3.  Of all records of injury or death of inmates or patients in Bridgewater State Hospital, claimed to be victims of employees of Bridgewater State Hospital, employees of the Commonwealth of Massachusetts or other third parties.

    G.    Whether this Court intends to hold final pre-trial in abeyance pending the hearing and decision of the Suffolk Superior Court Medical Malpractice Tribunal.

    H.    The disclosure of experts and expert depositions including Plaintiff's psychiatric expert on deviation from standard of care and causation regarding Bradley Burns, circumstances of manner of death William Mosher, Jr.; Plaintiff's psychiatric expert on treatment and expected course of recovery for decedent's diagnosed medical condition; prison/state facility security expert; and economist and actuarial.

## III. Proposed Schedule

    A.    Written Discovery completed by August 3, 2006.

    B.    Motions regarding written discovery to be filed by September 3, 2006.

    C.    Non-expert depositions to be completed by December 3, 2006.

    D.    Expert depositions to be completed by February 3, 2007.

    E.    Summary judgment motions to be filed by March 3, 2007

    F.    Final Pre-trial held after hearing and ruling upon any motions for summary judgment.

## IV. Settlement

There is no likelihood that this matter will settle before trial.

For the Plaintiffs
WILLIAM MOSHER, individually and as
administrator of the Estate of WILLIAM
MOSHER, JR., CAROLYN MOSHER, BRANDON MOSHER,
KACIE MOSHER, and KORTNEY MOSHER,
By Their Counsel,


//Joseph J. Balliro, Jr.//
Joseph J. Balliro, Jr., Esquire
Balliro & Mondano
99 Summer Street
Suite 1800
Boston, MA 02110
(617) 737-8442
BBO#550194


For the State Defendants,
By Their Counsel,


//Ronald Kehoe//
Ronald Kehoe, Esquire (BBO# 264260)
Assistant Attorney General
Office of Attorney General
One Ashburton Place, Room 1813
Boston, MA 02108
(617) 727-2200, ext. 3221


For University of Massachusetts Medical School
Dr Daniel W. Comiskey,
By Their Counsel,


//James Bello//
James A. Bello, BBO#633550
Lynne McNeill, BBO# 644721
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
(617) 737-8803