Joseph James Balliro, Jr.
BALLIRO & MONDANO
99 Summer Street
Suite 1800
Boston, Massachusetts 02110
(617) 737-8442
BBO# 550194

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-12560 MLW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
WILLIAM MOSHER, individually and as
administrator of the Estate of WILLIAM
MOSHER, JR., CAROLYN MOSHER, BRANDON MOSHER,
KACIE MOSHER, and KORTNEY MOSHER,
    Plaintiffs,

        V.


KENNETH NELSON, Individually and as
Superintendent of BRIDGEWATER STATE HOSPITAL,
BRIDGEWATER STATE HOSPITAL, ELIZABETH CHILDS,

3

Individually and as Commissioner of the
COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF
MENTAL HEALTH, THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF MENTAL HEALTH, KATHLEEN M. DENNEHY,
Individually and as COMMISSIONER OF THE
COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF
CORRECTIONS, THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF CORRECTIONS, the UNIVERSITY OF
MASSACHUSETTS MEDICAL SCHOOL and DR. DANIEL W.
COMISKY
    Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### AMENDED COMPLAINT

### STATEMENT OF JURISDICTION

1.    Plaintiffs bring this action under 42 United States Code sections 1983, 1985, 1986, and 1988 and under the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution to recover compensatory and exemplary damages and to redress the deprivation, under color of law, ordinance, regulation, custom or usage of a right, privilege and immunity secured to them by the Constitution and laws of the United States and of the Commonwealth of Massachusetts. Claim is also brought against the University of Massachusetts Medial School and Daniel W. Comisky, M.D. for malpractice pursuant to all relevant state statute, laws, and regulations.

2.    Jurisdiction is conferred on this Court by 28 United States Code sections 1331 and 1343, this being an action authorized by law to redress the deprivation under color of law, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourteenth Amendment.

4

3.    Plaintiffs further invoke the pendant jurisdiction of this Court to consider claims arising under state law insofar as they are asserted herein or by amendment hereto.

5.    The Plaintiffs are citizens of the State of Arizona.

4.    The matter in controversy exceeds, exclusive of interest and costs, the sum of value of Seventy-Five Thousand ($75,000.00) Dollars.

6.    Notice of claim pursuant to Massachusetts General Laws Chapter 258, section 4 was given on September 16, 2004 to Attorney General Thomas F. Reilly, Office of the Attorney General, One Ashburton Place, 20th Floor, Boston, Massachusetts.

## PARTIES

7.    The plaintiff William Mosher is the father of the decedent William Mosher, Jr. and the administrator of the estate of his son, the decedent, William Mosher, Jr.

William Mosher, Jr., the decedent, was a citizen of the United States and a resident of the State of Arizona, having a residence at Phoenix, Arizona.

William Mosher is, and was, at all relevant times to this complaint, a citizen of the United States and a resident of the State of Arizona, having a residence at Phoenix, Arizona.

8.    The plaintiff Carolyn Mosher is the mother of William Mosher, Jr.

Carolyn Mosher is, and was at all relevant times to this complaint, a citizen of the United States and a resident of the

5

State of Arizona, having a residence at Phoenix, Arizona.

9.    The plaintiff Brandon Mosher is the brother of William Mosher, Jr.

Brandon Mosher is and was at all relevant times to this complaint, a citizen of the United States and a resident of the State of Arizona, having a residence at Phoenix, Arizona.

10.   The plaintiff Kacie Mosher is the sister of William Mosher, Jr.

Kacie Mosher is and was at all relevant times to this complaint, a citizen of the United States and a resident of the State of Arizona, having a residence at Phoenix, Arizona.

11.   The plaintiff Kortney Mosher is the sister of William Mosher, Jr.

Kortney Mosher is and was at all relevant times to this complaint, a citizen of the United States and a resident of the State of Arizona, having a residence at Phoenix, Arizona.

12.   At all times relevant to the subject matter of this action Kenneth Nelson was the Superintendent of the Bridgewater State Hospital.

At all times relevant to the subject matter of this action Mr. Nelson was acting individually and/or under color of his official capacity and his acts were performed under color of the statutes, regulations, customs and usage of the Department of Corrections, the Bridgewater State Hospital, the Department of Mental Health, the Commonwealth of Massachusetts, and/or the University of Massachusetts Medical School.

13.  At all times relevant to the subject matter of this action Elizabeth Childs was the Commissioner of the Commonwealth of Massachusetts Department of Mental Health.

At all times relevant to the subject matter of this action Elizabeth Childs was acting individually and/or under color of her official capacity and her acts were performed under color of the statutes, regulations, customs and usage of the Department of Corrections, the Bridgewater State Hospital, the Department of Mental Health, the Commonwealth of Massachusetts, and/or the University of Massachusetts Medical School.

14.  At all times relevant to the subject matter of this action Kathleen M. Dennehy was Commissioner of the Commonwealth of Massachusetts Department of Corrections.

At all times relevant to the subject matter of this action Kathleen M. Dennehy was acting individually and/or under color of her official capacity and her acts were performed under color of the statutes, regulations, customs and usage of the Department of Corrections, the Bridgewater State Hospital, the Department of Mental Health, the Commonwealth of Massachusetts, and/or the University of Massachusetts Medical School.

15.  The University of Massachusetts Medical School is a public educational facility founded in 1962 by proclamation of the governor and an act of the legislature.

At all times relevant to the subject matter of this action the University of Massachusetts Medical School provided clinical, medical, and psychiatric services to the Commonwealth of

7

Massachusetts, the Department of Corrections, the Department of
Mental Health, and the Bridgewater State Hospital, at the
Bridgewater State Hospital and to patients, inmates, and those in
the custody at the Bridgewater State Hospital.

At all times relevant to the subject matter of this action,
the University of Massachusetts Medical School acted either under
color of official capacity and/or acted under color of the
statutes, regulations, customs and usage of the Bridgewater State
Hospital, the Department of Corrections, the Department of Mental
Health, the Department of Corrections, and/or the University of
Massachusetts Medical School and/or acted independently of those
statutes, regulations, customs and usages.

16.  At all times material to this complaint, the defendants
Bridgewater State Hospital, the Department of Mental Health, and
the Department of Corrections were body politics, administrative
agencies, or subdivisions of the Commonwealth of Massachusetts
employing Kenneth Nelson, Elizabeth Childs,
Kathleen M. Dennehy, and the University of Massachusetts Medical
School.

17.  The defendant Daniel W. Comisky, M.D., is a resident of
the Commonwealth of Massachusetts, licensed by the Commonwealth
of Massachusetts on June 28, 2000 and practicing forensic
psychiatry at the Bridgewater State Hospital at all relevant
times.

At all times relevant to the subject matter of this action,
Daniel W. Comisky, M.D., acted either under color of official

8

capacity and/or acted under color of the statutes, regulations, customs and usage of the Bridgewater State Hospital, the Department of Corrections, the Department of Mental Health, the Department of Corrections, and/or the University of Massachusetts Medical School and/or acted independently of those statutes, regulations, customs and usages.

Facts

18. On or about Saturday, August 28, 2004, William Mosher, Jr. was a patient of the defendants in the custody of the defendants and housed at the Bridgewater State Hospital.

19. On or about Saturday, August 28, 2004, Bradley Burns was a patient of the defendants in the custody of the defendants and housed at the Bridgewater State Hospital.

20. On or about Saturday, August 28, 2004, William Mosher, Jr. was murdered by Bradley Burns while both Mr. Mosher and Mr. Burns were in custody of the defendants and housed at the Bridgewater State Hospital.

21. At the time Bradley Burns murdered William Mosher, Jr., Mr. Burns had been given access to patients and inmates of the Bridgewater State Hospital by the defendants despite and after exhibiting violent, dangerous, and life threatening behavior.

22. At all times material to this complaint, the Bridgewater State Hospital harbored, encouraged, and cultivated conditions of confinement that placed inmates and patients held in the custody of the Commonwealth of Massachusetts in imminent threat of bodily harm and death. This violent condition of

9

confinement was persistent, continuing, and systemic.

23. At all times relevant to this complaint, patients and inmates held in the custody of the Commonwealth of Massachusetts at Bridgewater State Hospital have suffered bodily injury at the hands of other inmates, patients, staff officers, and staff of the facility.

24. At all times material to this complaint, the defendants were aware of the conditions of confinement and treatment of inmates and patients by other inmates, patients, staff officers, and staff of the Bridgewater State Hospital.

25. At all times material to this complaint, the defendants had the responsibility to protect the safety of inmates and patients housed at the Bridgewater State Hospital.

26. At all times material to this complaint, the defendants were aware and had been put on notice of Bradley Burn's violent past, and were aware and put on notice that he posed an imminent threat to the health and safety of other inmates and/or patients at the Bridgewater State Hospital including William Mosher, Jr.

27. At all times material to this complaint, the defendants negligently and intentionally placed Bradley Burns in a position to access other inmates and patients of the Bridgewater State Hospital when they knew he posed a serious and imminent threat to the health and safety of other inmates and patients at the Bridgewater State Hospital.

28. The failure of the defendants to protect William Mosher, Jr., from attack and murder at the hands of Bradley

10

Burns, constituted negligence rising to the level of deliberate indifference and/or reckless disregard for William Mosher, Jr.'s safety.

29.   The defendants failed to exercise reasonable care to provide reasonable protection to William Mosher, Jr., from the unreasonable risk the Defendants created that Bradley Burns would cause him harm.

30.   The conduct of the defendants amounts to the infliction of summary punishment and/or cruel and unusual punishment upon William Mosher, Jr.

FIRST CAUSE OF ACTION
COUNT I
42 U.S.C SECTION 1983

31.   The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 30 of this complaint as if fully set forth herein.

32.   The conduct of the defendants constituted cruel and unusual punishment and deprived William Mosher, Jr. of his right to Due Process of Law under the laws of the Constitution of the United States, in particular the Fourth, Eighth, and Fourteenth Amendments thereof.

THE CONDUCT OF KENNETH NELSON

33.   At all times relevant to this complaint, Kenneth Nelson, individually and as Superintendent of Bridgewater State Hospital, failed to take steps necessary to exercise a reasonable degree of supervision and control over the Bridgewater State

11

Hospital staff, administrators, clinical advisors and practitioners when he knew or should have known that Bradley Burns posed a threat to the safety of patients and inmates at the Bridgewater State Hospital.

34.  Such negligent, willful, malicious, deliberately indifferent, and intentional failure resulted in and was the proximate cause of the death of William Mosher, Jr., and the harm to the other plaintiffs and caused William Mosher, Jr. to suffer prolonged grievous and conscious pain and suffering.

35.  As a direct and proximate result of Kenneth Nelson's failure to exercise a proper degree of supervision and control over the above-described unlawful and malicious acts of the Bridgewater State Hospital, including its staff, administration, clinical advisors and practitioners Bradley Burns was allowed access to William Mosher, Jr., and caused his death.  Kenneth Nelson's conduct, at all relevant times, was committed under his authority as Superintendent of the Bridgewater State Hospital, and while acting in that capacity.   William Mosher, Jr. was deprived of his rights under the laws of the Constitution of the United States, in particular the First, Fourth, Fifth, Eighth, and Fourteenth Amendments thereof and 42 U.S.C.A, Section 1983.

36.  As a direct and proximate result of the conduct of Kenneth Nelson, William Mosher, Jr., was the victim of summary punishment.   The punishment administered constituted cruel and unusual punishment and deprived the plaintiff of his rights to Due Process of Law under the laws and Constitution of the United

12

States, in particular, the Fourth, Eighth, and Fourteenth
Amendments thereof.

37.  As a direct and proximate result of the conduct of
Kenneth Nelson, William Mosher, Jr., was deprived of rights and
immunities secured to him under the Constitution and laws of the
United States and of the Commonwealth of Massachusetts including,
but not limited to, his rights under the Fourteenth Amendment to
be secure in his person and to be free from punishment without
Due Process, and to equal protection of the laws.

### THE CONDUCT OF ELIZABETH CHILDS

38.  At all times relevant to this complaint, Elizabeth
Childs, individually and as Commissioner of The Commonwealth of
Massachusetts Department of Mental Health, failed to take steps
necessary to exercise a reasonable degree of supervision and
control over the Bridgewater State Hospital, its staff,
administrators, clinical advisors and practitioners when she knew
or should have known that Bradley Burns posed a threat to the
safety of patients and inmates at the Bridgewater State Hospital.

39.  Such negligent, willful, malicious, deliberately
indifferent, and intentional failure resulted in and was the
proximate cause of the death of William Mosher, Jr., and the harm
to the other plaintiffs and caused William Mosher, Jr. to suffer
prolonged grievous and conscious pain and suffering.

40.  As a direct and proximate result of Elizabeth Childs'
failure to exercise a proper degree of supervision and control
over the above-described unlawful and malicious acts of the

13

Bridgewater State Hospital, including its staff, administration, clinical advisors and practitioners, Bradley Burns was allowed access to William Mosher, Jr., and caused his death. Elizabeth Childs' conduct, at all relevant times, was committed under her authority as Commissioner of The Commonwealth of Massachusetts Department of Mental Health, and while acting in that capacity. William Mosher, Jr. was deprived of his rights under the laws of the Constitution of the United States, in particular the First, Fourth, Fifth, Eighth, and Fourteenth Amendments thereof and 42 U.S.C.A, Section 1983.

42.  As a direct and proximate result of the conduct of Elizabeth Childs, William Mosher, Jr., was the victim of summary punishment. The punishment administered constituted cruel and unusual punishment and deprived the plaintiff of his rights to Due Process of Law under the laws and Constitution of the United States, in particular, the Fourth, Eighth, and Fourteenth Amendments thereof.

42.  As a direct and proximate result of the conduct of Elizabeth Childs, William Mosher, Jr., was deprived of rights and immunities secured to him under the Constitution and laws of the United States and of the Commonwealth of Massachusetts including, but not limited to, his rights under the Fourteenth Amendment to be secure in his person and to be free from punishment without Due Process, and to equal protection of the laws.

### THE CONDUCT OF KATHLEEN M. DENNEHY

43.  At all times relevant to this complaint, Kathleen M.

14

Dennehy, individually and as Commissioner of the Commonwealth of Massachusetts Department of Corrections, failed to take steps necessary to exercise a reasonable degree of supervision and control over the Bridgewater State Hospital, its staff, administrators, clinical advisors and practitioners when she knew or should have known that Bradley Burns posed a threat to the safety of patients and inmates at the Bridgewater State Hospital.

44.   Such negligent, willful, malicious, deliberately indifferent and intentional failure resulted in and was the proximate cause of the death of William Mosher, Jr., and the harm to the other plaintiffs and caused William Mosher, Jr. to suffer prolonged grievous and conscious pain and suffering.

45.   As a direct and proximate result of Kathleen M. Dennehy's failure to exercise a proper degree of supervision and control over the above-described unlawful and malicious acts of the Bridgewater State Hospital, including its staff, administration, clinical advisors and practitioners, Bradley Burns was allowed access to William Mosher, Jr., and caused his death. Kathleen M. Dennehy's conduct, at all relevant times, was committed under her authority as Commissioner of the Commonwealth of Massachusetts Department of Corrections, and while acting in that capacity.   William Mosher, Jr. was deprived of his rights under the laws of the Constitution of the United States, in particular the First, Fourth, Fifth, Eighth, and Fourteenth Amendments thereof and 42 U.S.C.A, Section 1983.

46.   As a direct and proximate result of the conduct of

15

Kathleen M. Dennehy, William Mosher, Jr., was the victim of summary punishment. The punishment administered constituted cruel and unusual punishment and deprived the plaintiff of his rights to Due Process of Law under the laws and Constitution of the United States, in particular, the Fourth, Eighth, and Fourteenth Amendments thereof.

47. As a direct and proximate result of the conduct of Kathleen M. Dennehy, William Mosher, Jr., was deprived of rights and immunities secured to him under the Constitution and laws of the United States and of the Commonwealth of Massachusetts including, but not limited to, his rights under the Fourteenth Amendment to be secure in his person and to be free from punishment without Due Process, and to equal protection of the laws.

<u>SECOND CAUSE OF ACTION</u>
<u>COUNT II</u>
<u>42 U.S.C. SECTION 1983 CONSPIRACIES</u>

48. The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 47 of this complaint as if fully set forth herein.

49. During all times material to this complaint Kenneth Nelson, Elizabeth Childs, Kathleen M. Dennehy, and the University of Massachusetts Medical School separately and in concert, acted under color of law, ordinances, and regulations of the Commonwealth of Massachusetts. As a result of the aforesaid unconstitutional and illegal acts by said defendants, the

16

plaintiff William Mosher, Jr., suffered death, conscious pain and suffering, loss of earnings, and anguish of mind.  The remaining plaintiffs suffered pain and suffering, loss of earnings, and anguish of mind.

50.  The aforementioned conditions of confinement at Bridgewater State Hospital are and were unconstitutional and otherwise illegal and improper.

51.  The defendants, having knowledge of the unconstitutional and otherwise illegal and improper conditions of confinement, consciously took steps and/or willfully, intentionally, and/or deliberately encouraged, created, or purposely ignored and perpetuated the conditions of confinement in furtherance of this scheme.

52.  The conduct of the defendants was in violation of the plaintiff, William Mosher, Jr.'s rights to Due Process of Law and were in violation of his rights under the laws and Constitution of the United States, in particular the First, Fourth, Fifth, Eighth, and Fourteenth Amendments thereof and 42 U.S.C. Section 1983.


### THIRD CAUSE OF ACTION
### COUNT III
### 42 U.S.C. SECTION 1985(3) CONSPIRACIES

53.  The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 52 of this

17

complaint as if fully set forth herein.

54. William Mosher, Jr. was a member of a class of persons who were patients at Bridgewater State Hospital, in the custody of the Commonwealth of Massachusetts, receiving treatment for emotional disorders, and identified as a class in accordance with the provisions of Title 42, U.S.C. § 1985 et seq.

55. The aforementioned conduct of the individual defendants was conduct motivated by class-based invidiously discriminatory animus towards the class of persons who were patients at Bridgewater State Hospital, in the custody of the Commonwealth of Massachusetts, receiving treatment for emotional disorders of which William Mosher, Jr. was a member.

56. The conduct of the individual defendants was intended and/or did deprive William Mosher, Jr., as a member of the aforementioned class, of equal protection of law or of equal privileges and immunities under law guaranteed in accordance with the Thirteenth and Fourteenth Amendments of the Constitution of the United States and was the direct and proximate cause of his death.

FOURTH CAUSE OF ACTION
COUNT IV
42 U.S.C. SECTION 1986 CONSPIRACIES

57. The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 56 of this complaint as if fully set forth herein.

58. The defendants had knowledge of the conditions of

18

confinement at the Bridgewater State Hospital.

59.  The defendants had the power to prevent or aid in prevention of the conditions of confinement at the Bridgewater State Hospital.

60.  The defendants neglected and/or refused to prevent or aid in prevention of the conditions of confinement at the Bridgewater State Hospital.

61.  The defendants had knowledge that Bradley Burns posed a serious and imminent threat to the health and safety of inmates and patients, including William Mosher, Jr., at the Bridgewater State Hospital.

62.  The defendants had the power to prevent or aid in prevention of the death of William Mosher, Jr. at the hands of Bradley Burns while they were in the custody of the Commonwealth of Massachusetts at the Bridgewater State Hospital.

63.  The defendants neglected and/or refused to prevent or aid in prevention of the death of William Mosher, Jr. at the hands of Bradley Burns while they were in the custody of the Commonwealth of Massachusetts at the Bridgewater State Hospital.

64.  The above stated conduct of the defendants constituted a conspiracy prohibited by Title 42 U.S.C., section 1986 in that there was an agreement and/or a concerted action by the defendants to commit the acts prohibited.

65.  The conduct of the individual defendants was intended and/or did deprive William Mosher, Jr., of equal protection of law or of equal privileges and immunities under law guaranteed in

19

accordance with the Thirteenth and Fourteenth Amendments of the
Constitution of the United States and was the direct and
proximate cause of his death.

### FIFTH CAUSE OF ACTION
### COUNT V
### University of Massachusetts Medical School

66.    The plaintiffs re-allege and incorporate by reference
the allegations contained in paragraphs 1 through 65 of this
complaint as if fully set forth herein.

67.    At all times material to this complaint, the University
of Massachusetts Medical School rendered medical treatment to
Bradley Burns and was required to render same in accordance with
accepted standards of medical care and treatment.

68.    The University of Massachusetts Medical School
breached its duty when it negligently and carelessly treated
Bradley Burns and in so doing created a foreseeable and
unreasonable risk of harm to third parties, including the
decedent, William Mosher, Jr.

69.    The conscious pain and suffering and the death of the
decedent, William Mosher, Jr. and the damage to his estate and
the remaining plaintiffs were the direct and proximate result of
the defendant's carelessness, unskillfulness, negligence and
improper care and treatment.

### SIXTH CAUSE OF ACTION
### COUNT VI
### Doctor Daniel W. Comisky

20

70.  The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 69 of this complaint as if fully set forth herein.

71.  At all times material to this complaint, Doctor Daniel W. Comisky rendered medical treatment to Bradley Burns and was required to render same in accordance with accepted standards of medical care and treatment.

72.  Doctor Daniel W. Comisky breached his duty when he negligently and carelessly diagnosed, treated, and opined placement of Bradley Burns and in so doing created a foreseeable and unreasonable risk of harm to third parties, including the decedent, William Mosher, Jr.

73.  The conscious pain and suffering and the death of the decedent, William Mosher, Jr. and the damage to his estate and the remaining plaintiffs were the direct and proximate result of the defendant's carelessness, unskillfulness, negligence and improper care and treatment.

## SEVENTH CAUSE OF ACTION
### COUNT VII
### WRONGFUL DEATH: MGL ch. 229 §2

74.  The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 73 of this complaint as if fully set forth herein.

75.  On or about September 16, 2004, the plaintiffs completed all conditions precedent to the filing of state claims

21

by forwarding Presentment of Claim pursuant to Massachusetts General Laws Chapter 258 to the Office of Thomas F. Reilly, Attorney General of the Commonwealth of Massachusetts and included therein notice of claim under Title 42, U.S.C. § 1983.

76.  On or about March 15, 2005, the Office of the Attorney General mailed a response to the September 16, 2004 Presentment of Claim forwarded by the plaintiffs.

77.  The parties are unable to come to an agreement to resolve this matter under the terms specified by the Commonwealth of Massachusetts and contained in the response to the plaintiffs' Presentment of Claim dated March 15, 2005.

78.  On or about April 7, 2005, the plaintiffs completed all conditions precedent to the filing of state claims by forwarding Presentment of Claim pursuant to Massachusetts General Laws Chapter 258 to the University of Massachusetts and included therein notice of claim under Title 42, U.S.C. § 1983.

79.  Plaintiffs' intestate, William Mosher, Jr. died on August 28, 2004, in the City of Bridgewater, County of Plymouth, Commonwealth of Massachusetts, from injuries described herein.

80.  On September 20, 2004, by order made in the Superior Court of the State of Arizona in and for the County of Maricopa, plaintiff William Mosher was appointed Personal Administrator of the Estate of William Bordman Mosher, Jr., the decedent, without restriction.  A copy of this order is attached hereto, marked Exhibit A, and incorporated herein by reference.

81.  Plaintiff, William Mosher, ever since September 20,

22

2004, has been, and now is duly appointed, qualified, and acting Personal Representative without restriction or administrator of the Estate of William Mosher, Jr., deceased. Plaintiff's intestate left as next of kin William Mosher, Carolyn Mosher, Brandon Mosher, Kacie Mosher and Kortney Mosher.

82. On August 28, 2004, in the County of Plymouth, Commonwealth of Massachusetts, the defendants by their negligence caused the death of the decedent William Mosher. The defendants' failure to take steps necessary to exercise a reasonable degree of supervision and control over the Bridgewater State Hospital staff, administrators, clinical advisors and practitioners, when they knew or should have known that Bradley Burns posed a threat to the safety of patients and inmates at the Bridgewater State Hospital constituted, in whole or in part, the negligent acts causing the death of William Mosher.

83. Plaintiff's intestate was 32 years of age at the time of death, and had a life expectancy of 76 years.

84. Plaintiff's intestate was in good health.

### EIGHTH CAUSE OF ACTION
### COUNT VIII
### NEGLIGENCE

#### The Conduct of Kenneth Nelson

85. The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 84 of this complaint as if fully set forth herein.

86. At all times relevant to this complaint, Kenneth Nelson, individually and as Superintendent of Bridgewater State

23

Hospital owed William Mosher, Jr. a duty to use reasonable or due care to protect him while incarcerated in Bridgewater State Hospital.

87.   Nelson was negligent and careless in failing to take steps necessary to exercise a reasonable degree of supervision and control over the Bridgewater State Hospital staff, administrators, clinical advisors and practitioners, when he knew or should have known that Bradley Burns posed a threat to the safety of patients and inmates at the Bridgewater State Hospital.

88.   Nelson's conduct constitutes a breach of his duty to William Mosher, Jr.

89.   As a direct and proximate cause of Nelson's negligence William Mosher, Jr. was murdered by Bradley Burns.

                    The Conduct of Elizabeth Childs

90.   The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 89 of this complaint as if fully set forth herein.

91.   At all relevant times to this complaint, Elizabeth Childs, individually and as Commissioner of the Commonwealth of Massachusetts Department of Mental Health, owed William Mosher, Jr. a duty to use reasonable or due care to protect him while incarcerated in Bridgewater State Hospital.

92.   Childs was negligent and careless in failing to take steps necessary to exercise a reasonable degree of supervision and control over the Bridgewater State Hospital staff, administrators, clinical advisors and practitioners, when she

24

knew or should have known that Bradley Burns posed a threat to the safety of patients and inmates at the Bridgewater State Hospital.

93. Childs' conduct constitutes a breach of her duty to William Mosher, Jr.

94. As a direct and proximate cause of Childs' negligence William Mosher, Jr. was murdered by Bradley Burns.

### The Conduct of Kathleen M. Dennehy

95. The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 94 of this complaint as if fully set forth herein.

96. At all relevant times to this complaint, Kathleen M. Dennehy, individually and as Commissioner of the Commonwealth of Massachusetts Department of Corrections, owed William Mosher, Jr. a duty to use reasonable or due care to protect him while incarcerated in Bridgewater State Hospital.

97. Dennehy was negligent and careless in failing to take steps necessary to exercise a reasonable degree of supervision and control over the Bridgewater State Hospital staff, administrators, clinical advisors and practitioners, when she knew or should have known that Bradley Burns posed a threat to the safety of patients and inmates at the Bridgewater State Hospital.

98. Denney's conduct constitutes a breach of her duty to William Mosher, Jr.

99. As a direct and proximate cause of Dennehy's negligence

25

William Mosher, Jr. was murdered by Bradley Burns.

### NINTH CAUSE OF ACTION
### COUNT IX
### Gross Negligence

100. The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 99 of this complaint as if fully set forth herein.

101. The aforementioned conduct of the defendants was intentional, and/or willful, and/or wanton, and constituted gross negligence.

102. As a direct and proximate cause of the defendants gross negligence William Mosher, Jr. was murdered by Bradley Burns.

### TENTH CAUSE OF ACTION
### COUNT X
### Infliction of Emotional Distress

103. The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 102 of this complaint as if fully set forth herein.

104. The aforementioned conduct of the defendants was extreme and outrageous so as to shock the conscience of the average person in the community, and caused physical injury and death to William Mosher, Jr.

105. The defendants knew or should have known that serious emotional distress was the likely outcome of their conduct.

106. As a direct and proximate cause of the defendants gross negligence William Mosher, Jr. was murdered by Bradley

Burns.

### ELEVENTH CAUSE OF ACTION
### COUNT XI
### Loss of Consortium

107.  The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 106 of this complaint as if fully set forth herein.

108.  The plaintiffs individually and collectively have suffered the grievous loss of a son and brother with whom they had a longstanding loving relationship.

109. The plaintiffs individually and collectively relied on the relationship they had with William Mosher, Jr., the decedent.

110.  The plaintiffs have suffered the loss of the services, protection, care, assistance, society, companionship, comfort, guidance, counsel, advice, contribution, and diligence of William Mosher, Jr. as a consequence of his death.

111.  The defendants by the aforementioned conduct are liable to the plaintiffs individually as persons entitled to damages recovered for the aforementioned losses they have suffered.

### TWELVTH CAUSE OF ACTION
### Count XII
### STRICT LIABILITY

112.   The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 111 of this complaint as if fully set forth herein.

113.   The defendants undertook and assumed a special responsibility toward the decedent to care and protect the

27

decedent from injury and death.  The estate and individual
plaintiffs had a right to rely on the special relationship and
responsibility undertaken by the defendants and the fulfillment
of the assumed special responsibility.

114.  Public policy demands that the burden of injury and
death of a person suffering the loss of liberty and in the
custody and control of the Commonwealth as well as those persons
who rely on the assumption of that responsibility be placed on
the defendants.

115.  The estate and individual plaintiffs were entitled to
be afforded maximum protection from loss and injury caused by
other dangerous individuals housed within a confined facility.

116.  The defendants are strictly liable to the plaintiffs
for their failure to fulfill the obligations attendant with the
assumed special responsibility.

WHEREFORE, on grounds of the conduct of all defendants as
alleged herein and set forth by all aforementioned counts of this
complaint, the Plaintiffs demand the following relief jointly and
severally against all defendants:

1.  A declaratory judgment that the policies, practices and
acts complained of herein are illegal and unconstitutional;

2.  Compensatory and punitive damages in the amount of  One
Hundred  and  Fifty  Million  ($150,000,000.00)  Dollars  for  the
above-described wrongful death and damages, including conscious
pain  and  suffering,  the  loss  of  the  decedent's  reasonably
expected  net  income,  funeral  and  burial  expenses,  medical  and

л'ιι-ν° CLERK

**John M. Martin, SBN: 020564**
**Benjamin D. Benedict, SBN: 016851**
**BENEDICT & MARTINI P.L.L.C.**
**3333 East Camelback Road, Suite 175**
**Phoenix, AZ 85018**

FILE

hospital    *2004 SEP 20.*    ,

expenses,

services,   protection,   care,

assistance,  society,  companionship,  comfort,  guidance,  counsel
and advice of the decedent to the persons entitled to the damages
recovered, including interest and costs.

    3.   Costs, including reasonable attorneys' fees incurred by
the plaintiffs in bringing this action.

    4.   Interest on the award of damages.

    5.   Such further relief as this Court may deem appropriate.

    6.   The Plaintiffs demand a Jury Trial.

                    RESPECTFULLY SUBMITTED,
                    The Plaintiffs,
                    By their counsel:

                    //Joseph J. Balliro, Jr.//
                    Joseph James Balliro, Jr.
                    BALLIRO & MONDANO
                    99 Summer Street
                    Suite 1800
                    Boston, Massachusetts 02110
                    (617) 737-8442
                    BBO# 550194

April 7, 2005

                                            29

Telephone: (602) 274-0609
Facsimile: (602) 274-0997

CERTIFIED COPY

**Attorneys for Personal Representative:**
**WILLIAM BORDMAN MOSHER**

## THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

In the Matter of Estate of

WILLIAM BORDMAN MOSHER, JR.,

      **Deceased.**

PB 2OO4--CO3651 Case No.

LETTERS OF PERSONAL REPRESENTATIVE

    **WILLIAM BORDMAN MOSHER** is hereby appointed as Personal Representative of this Estate without restriction.

WITNESS:_____ **SEP 20 2004** _

MICHAEL K. JEANES,.CLERK

The foregoing instrument is a full, true and a correct copy of
The original on file in this office

was signed an _____ and that these
inocr, here not been revg°m d,

**SEP 20 2004**

MICHAEL K. JEANES, Clerk of the Superior Court of the
State of Arizona in and for the county of Maricopa

_____ Deputy

.Clerk of the Sup____

By _____
Deputy Clerk

In the Matter of the Estate of William Bordman Mosher, Jr r.
Letters of Personal Representative

## Exhibit A