UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12560 MLW

WILLIAM MOSHER, Individually and as administrator of the Estate of WILLIAM MOSHER, JR., CAROLYN MOSHER, BRANDON MOSHER, KACIE MOSHER, and KORTNEY MOSHER,
Plaintiffs,

V.

KENNETH NELSON, Individually and as Superintendent of BRIDGEWATER STATE HOSPITAL, ELIZABETH CHILDS, Individually and as Commissioner of the COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF MENTAL HEALTH, KATHLEEN M. DENNEHY, Individually and as Commissioner of the COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF CORRECTIONS, THE COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF CORRECTIONS and the UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL and DR. DANIEL W. COMISKY,
Defendants.

## DEFENDANTS UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL AND DR. DANIEL COMISKY'S ANSWER TO AMENDED COMPLAINT AND JURY TRIAL DEMAND

### FIRST DEFENSE

The Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Defendants, University of Massachusetts Medical School and Dr. Daniel Comisky [misnamed] (the "Defendants"), respond to the allegations of the Plaintiffs' Amended Complaint as follows:

988178v1

## STATEMENT OF JURISDICTION

1. This paragraph does not set forth any factual allegations against the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

2. This paragraph calls for a conclusion of law, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

3. This paragraph calls for a conclusion of law, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

5. [sic] The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

4. [sic] This paragraph calls for a conclusion of law, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

6. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

## PARTIES

7. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

8. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

9. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

10. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

11. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

12. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. To the extent this paragraph alleges any negligence or wrongdoing on the part of this defendant, the allegations are denied.

988178v1

13.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. To the extent this paragraph alleges any negligence or wrongdoing on the part of these Defendants, the allegations are denied.

14.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. To the extent this paragraph alleges any negligence or wrongdoing on the part of these Defendants, the allegations are denied.

15.     The Defendants admit that the University of Massachusetts Medical School is a public educational facility. The Defendants admit only that at certain periods of time it provided certain medical services to inmates within facilities of the Department of Correction. The allegation that at all times relevant to the subject matter of this action, the University of Massachusetts Medical School acted either under color of official capacity and/or acted under color of the statutes, regulations, customs and usage of the Bridgewater State Hospital, the Department of Corrections, the Department of Mental Health, the Department of Corrections, and/or the University of Massachusetts Medical School and/or acted independently of those statutes, regulations, customs and usages calls for a conclusion of law, and thus, no response is required. The Defendants deny the remaining allegations set forth in this paragraph.

16.     Denied.

17.     The Defendants admit that Daniel W. Comisky, M.D., is a resident of the Commonwealth of Massachusetts, licensed by the Commonwealth of Massachusetts on June 28, 2000 and practicing forensic psychiatry at Bridgewater State Hospital. The allegation that at all times relevant to the subject matter of this action, Daniel W. Comisky, M.D., acted either under color of official capacity and/or acted under color of the statutes, regulations, customs and usage of the Bridgewater State Hospital, the Department of Corrections, the Department of Mental Health, the Department of Corrections, and/or the University of Massachusetts Medical School and/or acted independently of those statutes, regulations, customs and usages calls for a conclusion of law, and thus, no response is required.

## FACTS

18.     This paragraph calls for a conclusion of law, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

19.     This paragraph calls for a conclusion of law, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

20.     This paragraph does not set forth any factual allegations against the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

21.     Denied.

22. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

23. Denied.

24. Denied.

25. This paragraph calls for a conclusion of law, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

### FIRST CAUSE OF ACTION
### COUNT I
### 42 U.S.C. SECTION 1983

31. The Defendants repeat and reaver their responses to Paragraphs 1 through 30 as if fully set forth herein.

32. Denied.

### THE CONDUCT OF KENNETH NELSON

33. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

34. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

35. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

36. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

37. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

## THE CONDUCT OF ELIZABETH CHILDS

38. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

39. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

40. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

41. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

42. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

## THE CONDUCT OF KATHLEEN M. DENNEHY

43. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

44. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

45. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

988178v1

46. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

47. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

WHEREFORE, the Defendants request that Count I of the Amended Complaint be dismissed, and that they be awarded costs, attorneys' fees and such other further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## COUNT II
## 42 U.S.C. SECTION 1983 CONSPIRACIES

48. The Defendants repeat and reaver their responses to Paragraphs 1 through 47 as if fully set forth herein.

49. The allegation that during all times material to this complaint Kenneth Nelson, Elizabeth Childs, Kathleen M. Dennehy, and the University of Massachusetts Medical School separately and in concert, acted under color of law, ordinances, and regulations of the Commonwealth of Massachusetts calls for a conclusion of law, and thus, no response is required. The Defendants deny the remaining allegations set forth in this paragraph.

50. Denied.

51. Denied.

52. Denied.

WHEREFORE, the Defendants request that Count II of the Amended Complaint be dismissed, and that they be awarded costs, attorneys' fees and such other further relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
## COUNT III
## 42 U.S.C. SECTION 1985 (3) CONSPIRACIES

53. The Defendants repeat and reaver their responses to Paragraphs 1 through 52 as if fully set forth herein.

54. This paragraph calls for a conclusion of law, and thus, no response is required.

55. Denied.

988178v1

56. Denied.

WHEREFORE, the Defendants request that Count III of the Amended Complaint be dismissed, and that they be awarded costs, attorneys' fees and such other further relief as this Court deems just and proper.

FOURTH CAUSE OF ACTION
COUNT IV
42 U.S.C. SECTION 1986 CONSPIRACIES

57. The Defendants repeat and reaver their responses to Paragraphs 1 through 56 as if fully set forth herein.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

WHEREFORE, the Defendants request that Count IV of the Amended Complaint be dismissed, and that they be awarded costs, attorneys' fees and such other further relief as this Court deems just and proper.

FIFTH CAUSE OF ACTION
COUNT V
UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL

66. The Defendants repeat and reaver their responses to Paragraphs 1 through 65 as if fully set forth herein.

67. The Defendants admit that at certain periods of time the University of Massachusetts Medical School provided medical treatment to Bradley Burns. The remaining allegations call for a conclusion of law, and thus no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

68. Denied.

988178v1

69. Denied.

WHEREFORE, the Defendants request that Count V of the Amended Complaint be dismissed, and that they be awarded costs, attorneys' fees and such other further relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION
## COUNT VI
## DOCTOR DANIEL W. COMISKY

70. The Defendants repeat and reaver their responses to Paragraphs 1 through 69 as if fully set forth herein.

71. The Defendants admit that at certain periods of time Doctor Daniel W. Comisky provided medical treatment to Bradley Burns. The remaining allegations call for a conclusion of law, and thus no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

72. Denied.

73. Denied.

WHEREFORE, the Defendants request that Count VI of the Amended Complaint be dismissed, and that they be awarded costs, attorneys' fees and such other further relief as this Court deems just and proper.

## SEVENTH CAUSE OF ACTION
## COUNT VII
## WRONGFUL DEATH: M.G.L. C. 229 § 2

74. The Defendants repeat and reaver their responses to Paragraphs 1 through 73 as if fully set forth herein.

75. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations that on or about September 16, 2004, the plaintiffs forwarded a Presentment of Claim to the office of Thomas F. Reilly, Attorney General of the Commonwealth of Massachusetts. The remaining allegations set forth in this paragraph call for a conclusion of law, and thus, no response is required.

76. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

77. The letter dated March 15, 2005 is a written instrument which speaks for itself, and thus, no response is required.

988178v1

78.     This paragraph calls for a conclusion of law, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

79.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

80.     Exhibit A is a written instrument which speaks for itself, and thus, no response is required.

81.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

82.     Denied.

83.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

84.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

WHEREFORE, the Defendants request that Count VII of the Amended Complaint be dismissed, and that they be awarded costs, attorneys' fees and such other further relief as this Court deems just and proper.

EIGHTH CAUSE OF ACTION
COUNT VIII
NEGLIGENCE

THE CONDUCT OF KENNETH NELSON

85.     The Defendants repeat and reaver their responses to Paragraphs 1 through 84 as if fully set forth herein.

86.     The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

87.     The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

88.     The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

988178v1

89. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

## THE CONDUCT OF ELIZABETH CHILDS

90. The Defendants repeat and reaver their responses to Paragraphs 1 through 89 as if fully set forth herein.

91. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

92. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

93. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

94. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

## THE CONDUCT OF KATHLEEN M. DENNEHY

95. The Defendants repeat and reaver their responses to Paragraphs 1 through 94 as if fully set forth herein.

96. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

97. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

98. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

99. The allegations set forth in this paragraph do not pertain to the Defendants, and thus, no response is required. To the extent a response is deemed necessary, the Defendants deny any and all allegations of wrongdoing.

988178v1

WHEREFORE, the Defendants request that Count VIII of the Amended Complaint be dismissed, and that they be awarded costs, attorneys' fees and such other further relief as this Court deems just and proper.

### NINTH CAUSE OF ACTION
### COUNT IX
### GROSS NEGLIGENCE

100. The Defendants repeat and reaver their responses to Paragraphs 1 through 99 as if fully set forth herein.

101. Denied.

102. Denied.

WHEREFORE, the Defendants request that Count IX of the Amended Complaint be dismissed, and that they be awarded costs, attorneys' fees and such other further relief as this Court deems just and proper.

### TENTH CAUSE OF ACTION
### COUNT X
### INFLICTION OF EMOTIONAL DISTRESS

103. The Defendants repeat and reaver their responses to Paragraphs 1 through 102 as if fully set forth herein.

104. Denied.

105. Denied.

106. Denied.

WHEREFORE, the Defendants request that Count X of the Amended Complaint be dismissed, and that they be awarded costs, attorneys' fees and such other further relief as this Court deems just and proper.

### ELEVENTH CAUSE OF ACTION
### COUNT XI
### LOSS OF CONSORTIUM

107. The Defendants repeat and reaver their responses to Paragraphs 1 through 106 as if fully set forth herein.

108. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

109.   The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

110.   Denied.

111.   Denied.

WHEREFORE, the Defendants request that Count XI of the Amended Complaint be dismissed, and that they be awarded costs, attorneys' fees and such other further relief as this Court deems just and proper.

TWELFTH CAUSE OF ACTION
COUNT XII
STRICT LIABILITY

112.   107.   The Defendants repeat and reaver their responses to Paragraphs 1 through 111 as if fully set forth herein.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Denied.

WHEREFORE, the Defendants request that Count XII of the Amended Complaint be dismissed, and that they be awarded costs, attorneys' fees and such other further relief as this Court deems just and proper.

DEMANDS FOR RELIEF

The Defendants deny that the plaintiffs are entitled to any of the relief requested in paragraphs 1-5 or to recovery in any amount.

**THIRD DEFENSE**

The Defendants deny that the plaintiffs are entitled to any of the relief requested in their Amended Complaint.

**FOURTH DEFENSE**

By way of affirmative defense, the Defendants say that if the plaintiffs suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the Defendants were not and are not legally responsible.

## FIFTH DEFENSE

By way of affirmative defense, the Defendants say that the action is barred by the applicable statutes of limitations.

## SIXTH DEFENSE

By way of affirmative defense, the Defendants say that the action should be dismissed because of lack of jurisdiction over the Defendants.

## SEVENTH DEFENSE

By way of affirmative defense, the Defendants say that the plaintiffs, by their conduct and actions and/or the conduct and actions of their agents and servants, are estopped to recover any judgment against the Defendants.

## EIGHTH DEFENSE

By way of affirmative defense, the Defendants say that the plaintiffs, by their conduct and actions and/or the conduct and actions of their agents and servants, have waived any and all rights they may have had against the Defendants, and, therefore, the plaintiffs cannot recover in this action.

## NINTH DEFENSE

By way of affirmative defense, the Defendants say that the plaintiffs consented to the Defendants' alleged conduct, acts and statements and, therefore, the plaintiffs cannot recover.

## TENTH DEFENSE

By way of affirmative defense, the Defendants say that they are protected from liability by qualified immunity for any of the matters raised in the plaintiffs' Amended Complaint.

WHEREFORE, the Defendants request that all counts of the Amended Complaint be dismissed and that they be awarded costs, attorney's fees and such further relief as this Court deems appropriate.

## JURY TRIAL DEMAND

The Defendants demand a trial by jury as to all issues to which they are entitled as a matter of right.

988178v1

Respectfully submitted,
UNIVERSITY OF MASSACHUSETTS
MEDICAL SCHOOL and DR. DANIEL
COMISKY,
By their attorneys,

**MORRISON MAHONEY, LLP**

/s/ **James A. Bello**

James A. Bello, BBO #633550
Lynne McNeill, BBO #644721
250 Summer Street
Boston, MA 02210
(617) 439-7500