UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM MOSHER, et als  )  <br>  ) <br> Plaintiffs  ) <br>  ) <br> vs.  ) <br>  ) <br> KENNETH NELSON, et als  ) <br>  ) <br> Defendants  ) | 04-12560-MLW |

**STATE DEFENDANTS' RESPONSE TO PLAINTIFFS'
DISCOVERY MOTIONS AND PROPOSED ORDERS**

The State defendants (all defendants except University of Massachusetts Medical School and Daniel Comisky) respond as follows to the plaintiffs' discovery motions and proposed orders.

**1.    Medical & Psychological Records of Bradley Burns**

In light of the response of the attorney and family of Bradley Burns, the State defendants do not object to this motion. If the court so orders, the State defendants will produce the subject records.

State defendants' counsel have informed plaintiffs' counsel that the only records known to be responsive to this motion are records maintained by Bridgewater State Hospital (BSH) from August 12, 2004 to date, and by the Department of Mental Health (admissions to Lindemann Center May 2003 and to Westborough State Hospital July 2003).

**2.    Records of Violence or Death at Bridgewater State Hospital**

The State defendants do not object to producing those records which are reasonably relevant to the limited purpose of the medical malpractice tribunal, without prejudice to

plaintiffs' right to seek broader discovery when the case goes forward thereafter. However, the proposed order is vaguely worded and needs to be clarified, and limited to a reasonable period of time prior to the death of William Mosher, Jr. The State defendants attach their counterproposal for an order, with the following explanation.

State defendants understand that the plaintiff seeks only records of assaultive events, not including deaths by natural causes or suicide, or self-inflicted injuries of patients or inmates.

Prior to the death of William Mosher, Jr., one death occurred at BSH as to which the medical examiner ruled that the cause of death was "positional asphyxiation." BSH will produce its records of that death. All other deaths at BSH have been the result of natural causes or suicide.

The definition of the non-fatal assaultive events to be disclosed needs to be reasonably limited in scope and time. On average, 30-35 reports are made every day of all types of incidents at BSH (50 reports were made on February 22, 2006), many of which involve minor instances of assaultive behavior such as jostling, punching or threats, not involving serious injury or death. Multiple reports are made of each incident by multiple BSH employees. Reviewing all such reports would be unduly time consuming and burdensome for plaintiffs and defendants alike.

Bridgewater State Hospital participates in the Maryland Hospital Indicator Project, under which BSH makes quarterly reports of serious assaults, defined as "assaults with injury requiring treatment more than first aid." BSH proposes that its disclosure be limited to reports of assaults as so defined.

William Mosher died on August 28, 2004. BSH began participation in the Maryland Hospital Indicator Project in January 2002, some 32 months earlier. Records of the BSH reports covering those 32 months, and the underlying BSH incident reports, will be made available to

plaintiff's counsel.

An electronic record (the "ACCESS" database) of non-fatal assaultive events exists for the period beginning July 1, 1995, but spread sheets generated from that database are not themselves informative. The underlying records of incidents are archived in paper form. A manual search of those archives would be unduly burdensome for plaintiffs and defendants, especially in view of the limited purpose of the present discovery in aid of the medical malpractice tribunal proceeding.

State defendants herewith submit their proposed order, and are prepared to make the subject records available to the plaintiffs' counsel within 30 days after an order is entered.

By their attorneys,

THOMAS F. REILLY
ATTORNEY GENERAL


 /s/ Ronald F. Kehoe
Ronald F. Kehoe  (BBO# 264260)
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA 02108
(617) 727-2200, ext.  3221

February 24, 2006

3

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM MOSHER, et als ) | |
| ) | |
| Plaintiffs ) | 04-12560-MLW |
| ) | |
| vs. ) | |
| ) | |
| KENNETH NELSON, et als ) | |
| ) | |
| Defendants ) | |

**PROPOSED ORDER ON DISCLOSURE OF RECORDS
OF VIOLENCE OR DEATH AT BRIDGEWATER STATE HOSPITAL**

Upon motion of the plaintiffs, it is hereby ordered that the State defendants (all defendants other than University of Massachusetts Medical School and Daniel Comisky) shall produce, within thirty days of this order, or later if agreed with plaintiffs' counsel, the following records in aid of the medical malpractice tribunal proceeding herein:

1. Medical and psychological records of Bradley Burns of his admissions to Bridgewater State Hospital from August 12, 2004 to date and his admissions to Lindemann Center in May 2003 and to Westborough State Hospital in July 2003.

2. Records of Bridgewater State Hospital of inmate and patient deaths to date, not resulting from natural causes or suicide.

3. Records of Bridgewater State Hospital of assaults on inmates, patients or staff with injury requiring treatment more than first aid, for the period January 2002 to date.

                                                                             _____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I Ronald F. Kehoe hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) on February 24, 2006.

josephballiro@yahoo.com
jbello@morrisonmahoney.com
lmcneill@morrisonmahoney.com

                                        /s/ Ronald F. Kehoe
                                        Ronald F. Kehoe, Assistant Attorney General
                                        Government Bureau/Trial Division