```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS

                          CIVIL ACTION NO: 04-12560 MLW
```

**************************************************
WILLIAM MOSHER, individually and as
administrator of the Estate of WILLIAM
MOSHER, JR., CAROLYN MOSHER, BRANDON MOSHER,
KACIE MOSHER, and KORTNEY MOSHER,
      Plaintiffs,

            V.

KENNETH NELSON, Individually and as
Superintendent of BRIDGEWATER STATE HOSPITAL,
BRIDGEWATER STATE HOSPITAL, ELIZABETH CHILDS,
Individually and as Commissioner of the
COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF
MENTAL HEALTH, THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF MENTAL HEALTH, KATHLEEN M. DENNEHY,
Individually and as COMMISSIONER OF THE
COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF
CORRECTIONS, THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF CORRECTIONS and the UNIVERSITY OF
MASSACHUSETTS MEDICAL SCHOOL, DR. DANIEL W. COMISKY,
          Defendants.
**************************************************

**PLAINTIFFS' MOTION TO DISMISS CLAIMS AGAINST THE UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL, DR. DANIEL W. COMISKY AND COUNTS V AND VI RELATED THERETO and FOR AN ORDER SCHEDULING A DISCOVERY CONFERENCE FORTHWITH**

Now come the plaintiffs and respectfully request that this Honorable Court dismiss the University of Massachusetts Medical School, Dr. Daniel W. Comisky and Count V and VI of the Amended Complaint.

In addition, the plaintiffs request that this Court schedule a discovery conference forthwith.

This motion is assented to by the defendants University of Massachusetts and Dr. Daniel W. Comisky

### Brief Procedural History

Complaint was filed on December 6, 2004.  On January 23, 2006 an Amended Complaint was filed adding Dr. Daniel W. Comisky and Count VI.

On February 27, 2006 this Court ordered the negligence claims against the defendants to the State Court for a medical malpractice tribunal.

On February 15, 2007 the case was transferred to the state court.

On or about August 3, 2007 counsel for the plaintiffs was advised a medical malpractice tribunal hearing has been scheduled for September 7, 2007 with and "offer of proof" compliance date of August 31, 2007.

Attempts at settling the claims were unsuccessful.

### Rationale for Dismissal

On or about Saturday, August 28, 2004, William Mosher, Jr. a patient at the Bridgewater State Hospital was murdered by Bradley Burns also a patient housed at the Bridgewater State Hospital.

Bradley Burns was placed at Bridgewater State Hospital by order of commitment by the Boston Municipal Court where Mr.

Burns had been taken for arraignment after exhibiting violent, dangerous, and life threatening behavior.  An evaluation by clinical services at the Boston Municipal Court determined Mr. Burns was homicidal and suicidal.  Mr. Burns had been arrested for multiple incidents of strangulation at a hospital and a McDonald's restaraunt.  Mr. Burns murdered Mr. Mosher by strangulation.

Mr. Burns was placed in a unit at Bridgewater State Hospital that allowed access by patients to other patients rooms between the hours of 7:00 a.m. and 9:30 p.m.

Mr. Burns invited Mr. Mosher into his room.  When Mr. Mosher turned his back to Mr. Burns, Mr. Burns strangled Mr. Mosher to death with a homemade ligature.

The plaintiffs allege the Commonwealth of Massachusetts et al failed to properly place and monitor Mr. Burns within the facility.[1]  As a consequence he was allowed access to other patients ultimately murdering Mr. Mosher.

The claims against the University of Massachusetts and Dr. Comisky were based in good faith on the theory that the failure of Dr. Comisky to recommend placement in a unit which would prevent Mr. Bradely access to other patients was negligent and

---

[1] The claims are far more extensive than described herein but are set forth in this manner for the sake of simplification.

below a standard of care.

Research and input from experts and professionals practicing medical malpractice has revealed that the claims against the University of Massachusetts and Dr. Comisky are far less significant than those against the Commonweath of Massachusetts et al and that dimissal of the claims against the University of Massachusetts and Dr. Comisky will not prejudice the plaintiffs remaining claims.  Counsel for the plaintiffs is in agreement with those assessments.

In addition, the expense and delay occasioned by the medical malpractice tribunal is not warranted.

Counsel for the plaintiffs have been advised the case in Suffolk Superior Court will be dismissed upon receipt of this Court's order of dismissal.

## Conclusion

For the reasons set forth above, counsel for the plaintiffs respectfully request that this Honorable Court endorse this motion and dismiss the defendants University of Massachusetts, Dr. Comisky, and Count V and VI, without costs.

The plaintiffs additionally request a discovery conference forthwith.

Counsel has been advised the State Court is possessed of certified copies of the file and that they will accept this

5

Court's endorsement of this motion and dismiss the tribunal hearing.

                          RESPECTFULLY SUBMITTED,
                          The Plaintiffs,
                          By their counsel:

                          //Joseph J. Balliro, Jr.//
                          Joseph J. Balliro, Jr., Esquire
                          BALLIRO & MONDANO
                          99 Summer Street, Suite 1800
                          Boston, Massachusetts 02110
                          (617) 737-8442
                          BBO# 550194

Assented to,
By the Defendants,
University of Massachusetts
Medical School and
Dr. Daniel W. Comisky,
By their counsel,


//James A. Bello// (by Joseph J. Balliro, Jr)
James A. Bello, Esquire
Morrison, Mahoney, LLP
250 Summer Street
Boston, Massachusetts 02210
(617) 737-4968