UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-12560 MLW

*****************************************************

WILLIAM MOSHER, individually and as
administrator of the Estate of WILLIAM
MOSHER, JR., CAROLYN MOSHER,
    Plaintiffs,

            V.

KENNETH NELSON, Individually and as
Superintendent of BRIDGEWATER STATE HOSPITAL,
ELIZABETH CHILDS, Individually and as
Commissioner of the COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF MENTAL HEALTH, KATHLEEN M. DENNEHY,
Individually and as COMMISSIONER OF THE
COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF
CORRECTIONS
    Defendants.
*****************************************************

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT CONSISTENT
WITH PRIOR DISMISSAL OF PLAINTIFFS AND DEFENDANTS AND IN
COMPLIANCE WITH PARAGRAPH 1(A) AND (B) OF THIS COURT'S ORDER
DATED NOVEMBER 20, 2007**

The plaintiffs hereby move for leave to file the attached
Amended Complaint to reflect the dismissal of Plaintiff
siblings Brandon Mosher, Kacie Mosher, and Kortney Mosher and
Defendants University of Massachusetts Medical School and Dr.
Daniel Comisky as previously ordered by this Court.

In addition and in compliance with the Court Order of
November 20, 2007, paragraph 1(a) and (b), the plaintiffs move
to dismiss the institutional defendants and the individual

defendants in their official capacities from the Federal Claims Counts I through IV, and the defendants in their individual capacities on the state claims Counts VII through XII.  Counts V through VI related to the Defendants University of Massachusetts Medical School and Dr. Daniel Comisky, which were dismissed previously by order of this Court.

The plaintiffs so move in order to be compliant with the protections afforded the Commonwealth of Massachusetts through the Eleventh Amendment of the Constitution of the United States on the Federal Claims.  The Plaintiffs continue to allege the defendants acted in their official capacity or within their "scope of employment" as guided by current interpretation of state liability under the Massachusetts Tort Claims Act, G.L. c. 258, §2 on the state claims.

RESPECTFULLY SUBMITTED,
The Plaintiffs,
By their counsel:

//Joseph J. Balliro, Jr.//
Joseph James Balliro, Jr.
BALLIRO & MONDANO
99 Summer Street
Suite 1800
Boston, Massachusetts 02110
(617) 737-8442
BBO# 550194

December 13, 2007

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-12560 MLW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
WILLIAM MOSHER, individually and as
administrator of the Estate of WILLIAM
MOSHER, JR., CAROLYN MOSHER,
    Plaintiffs,

          V.

KENNETH NELSON, Individually and as
Superintendent of BRIDGEWATER STATE HOSPITAL,
ELIZABETH CHILDS, Individually and as
Commissioner of the COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF MENTAL HEALTH, KATHLEEN M. DENNEHY,
Individually and as COMMISSIONER OF THE
COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF
CORRECTIONS
    Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### AMENDED COMPLAINT

#### STATEMENT OF JURISDICTION

1.    Plaintiffs bring this action under 42 United States Code sections 1983, 1985, 1986, and 1988 and under the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution to recover compensatory and exemplary damages and to redress the deprivation, under color of law, ordinance, regulation, custom or usage of a right, privilege and immunity secured to them by the Constitution and laws of the United States and of the Commonwealth of Massachusetts.

2.    Jurisdiction is conferred on this Court by 28 United States Code sections 1331 and 1343, this being an action authorized by law to redress the deprivation under color of law, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiffs by the Fourteenth

Amendment.

    3.    Plaintiffs further invoke the pendant jurisdiction of this Court to consider claims arising under state law insofar as they are asserted herein or by amendment hereto.

    4.    The Plaintiffs are citizens of the State of Arizona.

    5.    The matter in controversy exceeds, exclusive of interest and costs, the sum of value of Seventy-Five Thousand ($75,000.00) Dollars.

    6.    Notice of claim pursuant to Massachusetts General Laws Chapter 258, section 4 was given on September 16, 2004 to Attorney General Thomas F. Reilly, Office of the Attorney General, One Ashburton Place, 20th Floor, Boston, Massachusetts.

<u>PARTIES</u>

    7.    The plaintiff William Mosher is the father of the decedent William Mosher, Jr. and the administrator of the estate of his son, the decedent, William Mosher, Jr.

    William Mosher, Jr., the decedent, was a citizen of the United States and a resident of the State of Arizona, having a residence at Phoenix, Arizona.

    William Mosher is, and was, at all relevant times to this complaint, a citizen of the United States and a resident of the State of Arizona, having a residence at Phoenix, Arizona.

    8.    The plaintiff Carolyn Mosher is the mother of William Mosher, Jr.

    Carolyn Mosher is, and was at all relevant times to this

complaint, a citizen of the United States and a resident of the State of Arizona, having a residence at Phoenix, Arizona.

9.    At all times relevant to the subject matter of this action Kenneth Nelson was the Superintendent of the Bridgewater State Hospital.

At all times relevant to the subject matter of this action Mr. Nelson was acting individually or as Superintendent of Bridgewater State Hospital and his acts were performed under color of the statutes, regulations, customs and usage of the Department of Corrections, the Bridgewater State Hospital, the Department of Mental Health, the Commonwealth of Massachusetts, and/or the University of Massachusetts Medical School.

10.    At all times relevant to the subject matter of this action Elizabeth Childs was the Commissioner of the Commonwealth of Massachusetts Department of Mental Health.

At all times relevant to the subject matter of this action Elizabeth Childs was acting individually or as Commissioner of the Commonwealth of Massachusetts Department of Mental Health and her acts were performed under color of the statutes, regulations, customs and usage of the Department of Corrections, the Bridgewater State Hospital, the Department of Mental Health, the Commonwealth of Massachusetts, and/or the University of Massachusetts Medical School.

11.    At all times relevant to the subject matter of this action Kathleen M. Dennehy was Commissioner of the Commonwealth

3

of Massachusetts Department of Corrections.

At all times relevant to the subject matter of this action Kathleen M. Dennehy was acting individually or as Commissioner of the Commonwealth of Massachusetts Department of Corrections and her acts were performed under color of the statutes, regulations, customs and usage of the Department of Corrections, the Bridgewater State Hospital, the Department of Mental Health, the Commonwealth of Massachusetts, and/or the University of Massachusetts Medical School.

<u>Facts</u>

12.  The University of Massachusetts Medical School is a public educational facility founded in 1962 by proclamation of the governor and an act of the legislature.

At all times relevant to the subject matter of this action the University of Massachusetts Medical School provided clinical, medical, and psychiatric services to the Commonwealth of Massachusetts, the Department of Corrections, the Department of Mental Health, and the Bridgewater State Hospital, at the Bridgewater State Hospital and to patients, inmates, and those in the custody at the Bridgewater State Hospital.

13.  At all times material to this complaint, Bridgewater State Hospital, the Department of Mental Health, and the Department of Corrections were body politics, administrative agencies, or subdivisions of the Commonwealth of Massachusetts employing Kenneth Nelson, Elizabeth Childs, Kathleen M. Dennehy,

4

and the University of Massachusetts Medical School.

14. Daniel W. Comisky, M.D., is a resident of the Commonwealth of Massachusetts, licensed by the Commonwealth of Massachusetts on June 28, 2000 and practicing forensic psychiatry at the Bridgewater State Hospital at all relevant times.

15. On or about Saturday, August 28, 2004, William Mosher, Jr. was a patient of the defendants in the custody of the defendants and housed at the Bridgewater State Hospital.

16. On or about Saturday, August 28, 2004, Bradley Burns was a patient of the defendants in the custody of the defendants and housed at the Bridgewater State Hospital.

17. On or about Saturday, August 28, 2004, William Mosher, Jr. was murdered by Bradley Burns while both Mr. Mosher and Mr. Burns were in custody of the defendants and housed at the Bridgewater State Hospital.

18. At the time Bradley Burns murdered William Mosher, Jr., Mr. Burns had been given access to patients and inmates of the Bridgewater State Hospital by the defendants despite and after exhibiting violent, dangerous, and life threatening behavior.

19. At all times material to this complaint, the defendants harbored, encouraged, and cultivated conditions of confinement that placed inmates and patients held in the custody of the Commonwealth of Massachusetts in imminent threat of

bodily harm and death.  This violent condition of confinement

was persistent, continuing, and systemic.

20.  At all times relevant to this complaint, patients and

inmates held in the custody of the Commonwealth of Massachusetts

at Bridgewater State Hospital have suffered bodily injury at the

hands of other inmates, patients, staff officers, and staff of

the facility.

21.  At all times material to this complaint, the

defendants were aware of the conditions of confinement and

treatment of inmates and patients by other inmates, patients,

staff officers, and staff of the Bridgewater State Hospital.

22.  At all times material to this complaint, the

defendants had the responsibility to protect the safety of

inmates and patients housed at the Bridgewater State Hospital.

23.  At all times material to this complaint, the

defendants were aware and had been put on notice of Bradley

Burn's violent past, and were aware and put on notice that he

posed an imminent threat to the health and safety of other

inmates and/or patients at the Bridgewater State Hospital

including William Mosher, Jr.

24.  At all times material to this complaint, the

defendants negligently and intentionally placed Bradley Burns in

a position to access other inmates and patients of the

Bridgewater State Hospital when they knew he posed a serious and

imminent threat to the health and safety of other inmates and

patients at the Bridgewater State Hospital.

25.   The failure of the defendants to protect William Mosher, Jr., from attack and murder at the hands of Bradley Burns, constituted negligence rising to the level of deliberate indifference and/or reckless disregard for William Mosher, Jr.'s safety.

26.   The defendants failed to exercise reasonable care to provide reasonable protection to William Mosher, Jr., from the unreasonable risk the Defendants created that Bradley Burns would cause him harm.

27.   The conduct of the defendants amounts to the infliction of summary punishment and/or cruel and unusual punishment upon William Mosher, Jr.

<u>FIRST CAUSE OF ACTION</u>
<u>COUNT I</u>
<u>42 U.S.C SECTION 1983</u>

28.   The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 27 of this complaint as if fully set forth herein.

29.   The conduct of the defendants constituted cruel and unusual punishment and deprived William Mosher, Jr. of his right to Due Process of Law under the laws of the Constitution of the United States, in particular the Fourth, Eighth, and Fourteenth Amendments thereof.

THE CONDUCT OF KENNETH NELSON

30.  At all times relevant to this complaint, Kenneth Nelson failed to take steps necessary to exercise a reasonable degree of supervision and control over the Bridgewater State Hospital staff, administrators, clinical advisors and practitioners when he knew or should have known that Bradley Burns posed a threat to the safety of patients and inmates at the Bridgewater State Hospital.

31.  Such negligent, willful, malicious, deliberately indifferent, and intentional failure resulted in and was the proximate cause of the death of William Mosher, Jr., and the harm to the other plaintiffs and caused William Mosher, Jr. to suffer prolonged grievous and conscious pain and suffering.

32.  As a direct and proximate result of Kenneth Nelson's failure to exercise a proper degree of supervision and control over the above-described unlawful and malicious acts of the Bridgewater State Hospital, including its staff, administration, clinical advisors and practitioners Bradley Burns was allowed access to William Mosher, Jr., and caused his death.  William Mosher, Jr. was deprived of his rights under the laws of the Constitution of the United States, in particular the First, Fourth, Fifth, Eighth, and Fourteenth Amendments thereof and 42 U.S.C.A, Section 1983.

33.  As a direct and proximate result of the conduct of Kenneth Nelson, William Mosher, Jr., was the victim of summary

punishment.  The punishment administered constituted cruel and unusual punishment and deprived the plaintiff of his rights to Due Process of Law under the laws and Constitution of the United States, in particular, the Fourth, Eighth, and Fourteenth Amendments thereof.

34.  As a direct and proximate result of the conduct of Kenneth Nelson, William Mosher, Jr., was deprived of rights and immunities secured to him under the Constitution and laws of the United States and of the Commonwealth of Massachusetts including, but not limited to, his rights under the Fourteenth Amendment to be secure in his person and to be free from punishment without Due Process, and to equal protection of the laws.

## THE CONDUCT OF ELIZABETH CHILDS

35.  At all times relevant to this complaint, Elizabeth Childs, failed to take steps necessary to exercise a reasonable degree of supervision and control over the Bridgewater State Hospital, its staff, administrators, clinical advisors and practitioners when she knew or should have known that Bradley Burns posed a threat to the safety of patients and inmates at the Bridgewater State Hospital.

36.  Such negligent, willful, malicious, deliberately indifferent, and intentional failure resulted in and was the proximate cause of the death of William Mosher, Jr., and the

9

harm to the other plaintiffs and caused William Mosher, Jr. to suffer prolonged grievous and conscious pain and suffering.

37.  As a direct and proximate result of Elizabeth Childs' failure to exercise a proper degree of supervision and control over the above-described unlawful and malicious acts of the Bridgewater State Hospital, including its staff, administration, clinical advisors and practitioners, Bradley Burns was allowed access to William Mosher, Jr., and caused his death.  William Mosher, Jr. was deprived of his rights under the laws of the Constitution of the United States, in particular the First, Fourth, Fifth, Eighth, and Fourteenth Amendments thereof and 42 U.S.C.A, Section 1983.

38.  As a direct and proximate result of the conduct of Elizabeth Childs, William Mosher, Jr., was the victim of summary punishment.  The punishment administered constituted cruel and unusual punishment and deprived the plaintiff of his rights to Due Process of Law under the laws and Constitution of the United States, in particular, the Fourth, Eighth, and Fourteenth Amendments thereof.

39.  As a direct and proximate result of the conduct of Elizabeth Childs, William Mosher, Jr., was deprived of rights and immunities secured to him under the Constitution and laws of the United States and of the Commonwealth of Massachusetts including, but not limited to, his rights under the Fourteenth Amendment to be secure in his person and to be free from

punishment without Due Process, and to equal protection of the
laws.

## THE CONDUCT OF KATHLEEN M. DENNEHY

40.  At all times relevant to this complaint, Kathleen M.
Dennehy, failed to take steps necessary to exercise a reasonable
degree of supervision and control over the Bridgewater State
Hospital, its staff, administrators, clinical advisors and
practitioners when she knew or should have known that Bradley
Burns posed a threat to the safety of patients and inmates at
the Bridgewater State Hospital.

41.  Such negligent, willful, malicious, deliberately
indifferent and intentional failure resulted in and was the
proximate cause of the death of William Mosher, Jr., and the
harm to the other plaintiffs and caused William Mosher, Jr. to
suffer prolonged grievous and conscious pain and suffering.

42.  As a direct and proximate result of Kathleen M.
Dennehy's failure to exercise a proper degree of supervision and
control over the above-described unlawful and malicious acts of
the Bridgewater State Hospital, including its staff,
administration, clinical advisors and practitioners, Bradley
Burns was allowed access to William Mosher, Jr., and caused his
death.  William Mosher, Jr. was deprived of his rights under the
laws of the Constitution of the United States, in particular the
First, Fourth, Fifth, Eighth, and Fourteenth Amendments thereof
and 42 U.S.C.A, Section 1983.

43.   As a direct and proximate result of the conduct of
Kathleen M. Dennehy, William Mosher, Jr., was the victim of
summary punishment.   The punishment administered constituted
cruel and unusual punishment and deprived the plaintiff of his
rights to Due Process of Law under the laws and Constitution of
the United States, in particular, the Fourth, Eighth, and
Fourteenth Amendments thereof.

44.   As a direct and proximate result of the conduct of
Kathleen M. Dennehy, William Mosher, Jr., was deprived of rights
and immunities secured to him under the Constitution and laws of
the United States and of the Commonwealth of Massachusetts
including, but not limited to, his rights under the Fourteenth
Amendment to be secure in his person and to be free from
punishment without Due Process, and to equal protection of the
laws.

<u>SECOND CAUSE OF ACTION</u>
<u>COUNT II</u>
<u>42 U.S.C. SECTION 1983 CONSPIRACIES</u>

45.   The plaintiffs re-allege and incorporate by reference
the allegations contained in paragraphs 1 through 44 of this
complaint as if fully set forth herein.

46.   During all times material to this complaint Kenneth
Nelson, Elizabeth Childs, Kathleen M. Dennehy, separately and in
concert, acted under color of law, ordinances, and regulations
of the Commonwealth of Massachusetts.   As a result of the

12

aforesaid unconstitutional and illegal acts by said defendants, the plaintiff William Mosher, Jr., suffered death, conscious pain and suffering, loss of earnings, and anguish of mind. The remaining plaintiffs suffered pain and suffering, loss of earnings, and anguish of mind.

47. The aforementioned conditions of confinement at Bridgewater State Hospital are and were unconstitutional and otherwise illegal and improper.

48. The defendants, having knowledge of the unconstitutional and otherwise illegal and improper conditions of confinement, consciously took steps and/or willfully, intentionally, and/or deliberately encouraged, created, or purposely ignored and perpetuated the conditions of confinement in furtherance of this scheme.

49. The conduct of the defendants was in violation of the plaintiff, William Mosher, Jr.'s rights to Due Process of Law and were in violation of his rights under the laws and Constitution of the United States, in particular the First, Fourth, Fifth, Eighth, and Fourteenth Amendments thereof and 42 U.S.C. Section 1983.

<u>THIRD CAUSE OF ACTION</u>
<u>COUNT III</u>
<u>42 U.S.C. SECTION 1985(3) CONSPIRACIES</u>

50. The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 49 of this

complaint as if fully set forth herein.

51.  William Mosher, Jr. was a member of a class of persons
who were patients at Bridgewater State Hospital, in the custody
of the Commonwealth of Massachusetts, receiving treatment for
emotional disorders, and identified as a class in accordance
with the provisions of Title 42, U.S.C. § 1985 et seq.

52.  The aforementioned conduct of the individual defendants
was conduct motivated by class-based invidiously discriminatory
animus towards the class of persons who were patients at
Bridgewater State Hospital, in the custody of the Commonwealth
of Massachusetts, receiving treatment for emotional disorders of
which William Mosher, Jr. was a member.

53.  The conduct of the individual defendants was intended
and/or did deprive William Mosher, Jr., as a member of the
aforementioned class, of equal protection of law or of equal
privileges and immunities under law guaranteed in accordance
with the Thirteenth and Fourteenth Amendments of the
Constitution of the United States and was the direct and
proximate cause of his death.

<u>FOURTH CAUSE OF ACTION</u>
<u>COUNT IV</u>
<u>42 U.S.C. SECTION 1986 CONSPIRACIES</u>

54.  The plaintiffs re-allege and incorporate by reference
the allegations contained in paragraphs 1 through 53 of this
complaint as if fully set forth herein.

14

55.   The defendants had knowledge of the conditions of confinement at the Bridgewater State Hospital.

56.   The defendants had the power to prevent or aid in prevention of the conditions of confinement at the Bridgewater State Hospital.

57.   The defendants neglected and/or refused to prevent or aid in prevention of the conditions of confinement at the Bridgewater State Hospital.

58.   The defendants had knowledge that Bradley Burns posed a serious and imminent threat to the health and safety of inmates and patients, including William Mosher, Jr., at the Bridgewater State Hospital.

59.   The defendants had the power to prevent or aid in prevention of the death of William Mosher, Jr. at the hands of Bradley Burns while they were in the custody of the Commonwealth of Massachusetts at the Bridgewater State Hospital.

60.   The defendants neglected and/or refused to prevent or aid in prevention of the death of William Mosher, Jr. at the hands of Bradley Burns while they were in the custody of the Commonwealth of Massachusetts at the Bridgewater State Hospital.

61.   The above stated conduct of the defendants constituted a conspiracy prohibited by Title 42 U.S.C., section 1986 in that there was an agreement and/or a concerted action by the defendants to commit the acts prohibited.

15

62.  The conduct of the individual defendants was intended and/or did deprive William Mosher, Jr., of equal protection of law or of equal privileges and immunities under law guaranteed in accordance with the Thirteenth and Fourteenth Amendments of the Constitution of the United States and was the direct and proximate cause of his death.

SEVENTH CAUSE OF ACTION
COUNT VII
WRONGFUL DEATH: MGL ch. 229 §2

63.  The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 62 of this complaint as if fully set forth herein.

64.  On or about September 16, 2004, the plaintiffs completed all conditions precedent to the filing of state claims by forwarding Presentment of Claim pursuant to Massachusetts General Laws Chapter 258 to the Office of Thomas F. Reilly, Attorney General of the Commonwealth of Massachusetts and included therein notice of claim under Title 42, U.S.C. § 1983.

65.  On or about March 15, 2005, the Office of the Attorney General mailed a response to the September 16, 2004 Presentment of Claim forwarded by the plaintiffs.

66.  The parties are unable to come to an agreement to resolve this matter under the terms specified by the Commonwealth of Massachusetts and contained in the response to the plaintiffs' Presentment of Claim dated March 15, 2005.

16

67.  On or about April 7, 2005, the plaintiffs completed all conditions precedent to the filing of state claims by forwarding <u>Presentment of Claim</u> pursuant to Massachusetts General Laws Chapter 258 to the University of Massachusetts and included therein notice of claim under Title 42, U.S.C. § 1983.

68.  Plaintiffs' intestate, William Mosher, Jr. died on August 28, 2004, in the City of Bridgewater, County of Plymouth, Commonwealth of Massachusetts, from injuries described herein.

69.  On September 20, 2004, by order made in the Superior Court of the State of Arizona in and for the County of Maricopa, plaintiff William Mosher was appointed Personal Administrator of the Estate of William Bordman Mosher, Jr., the decedent, without restriction.  A copy of this order is attached hereto, marked Exhibit A, and incorporated herein by reference.

70.  Plaintiff, William Mosher, ever since September 20, 2004, has been, and now is duly appointed, qualified, and acting Personal Representative without restriction or administrator of the Estate of William Mosher, Jr., deceased.  Plaintiff's intestate left as next of kin William Mosher, Carolyn Mosher, Brandon Mosher, Kacie Mosher and Kortney Mosher.

71.  On August 28, 2004, in the County of Plymouth, Commonwealth of Massachusetts, the defendants acting under the authority granted by the Commonwealth of Massachusetts and within their scope of employment by their negligence caused the death of the decedent William Mosher.  The defendants' failure

17

to take steps necessary to exercise a reasonable degree of supervision and control over the Bridgewater State Hospital staff, administrators, clinical advisors and practitioners, when they knew or should have known that Bradley Burns posed a threat to the safety of patients and inmates at the Bridgewater State Hospital constituted, in whole or in part, the negligent acts causing the death of William Mosher.

72.    Plaintiff's intestate was 32 years of age at the time of death, and had a life expectancy of 76 years.

73.    Plaintiff's intestate was in good health.

<u>EIGHTH CAUSE OF ACTION</u>
<u>COUNT VIII</u>
<u>NEGLIGENCE</u>

<u>The Conduct of Kenneth Nelson</u>

74.    The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 73 of this complaint as if fully set forth herein.

75.    At all times relevant to this complaint, Kenneth Nelson, as Superintendent of Bridgewater State Hospital owed William Mosher, Jr. a duty to use reasonable or due care to protect him while incarcerated in Bridgewater State Hospital.

76.    Nelson was negligent and careless in failing to take steps necessary to exercise a reasonable degree of supervision and control over the Bridgewater State Hospital staff, administrators, clinical advisors and practitioners, when he knew or should have known that Bradley Burns posed a threat to

18

the safety of patients and inmates at the Bridgewater State Hospital.

77.  Nelson's conduct constitutes a breach of his duty to William Mosher, Jr.

78.  As a direct and proximate cause of Nelson's negligence William Mosher, Jr. was murdered by Bradley Burns.

<u>The Conduct of Elizabeth Childs</u>

79.  The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 78 of this complaint as if fully set forth herein.

80.  At all relevant times to this complaint, Elizabeth Childs, as Commissioner of the Commonwealth of Massachusetts Department of Mental Health, owed William Mosher, Jr. a duty to use reasonable or due care to protect him while incarcerated in Bridgewater State Hospital.

81. Childs was negligent and careless in failing to take steps necessary to exercise a reasonable degree of supervision and control over the Bridgewater State Hospital staff, administrators, clinical advisors and practitioners, when she knew or should have known that Bradley Burns posed a threat to the safety of patients and inmates at the Bridgewater State Hospital.

82.  Childs' conduct constitutes a breach of her duty to William Mosher, Jr.

19

83.  As a direct and proximate cause of Childs' negligence William Mosher, Jr. was murdered by Bradley Burns.

### The Conduct of Kathleen M. Dennehy

84.  The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 83 of this complaint as if fully set forth herein.

85.  At all relevant times to this complaint, Kathleen M. Dennehy, as Commissioner of the Commonwealth of Massachusetts Department of Corrections, owed William Mosher, Jr. a duty to use reasonable or due care to protect him while incarcerated in Bridgewater State Hospital.

86.  Dennehy was negligent and careless in failing to take steps necessary to exercise a reasonable degree of supervision and control over the Bridgewater State Hospital staff, administrators, clinical advisors and practitioners, when she knew or should have known that Bradley Burns posed a threat to the safety of patients and inmates at the Bridgewater State Hospital.

87.  Denney's conduct constitutes a breach of her duty to William Mosher, Jr.

88.  As a direct and proximate cause of Dennehy's negligence William Mosher, Jr. was murdered by Bradley Burns.

## NINTH CAUSE OF ACTION
### COUNT IX Gross Negligence

89.   The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 88 of this complaint as if fully set forth herein.

90. The aforementioned conduct of the defendants was intentional, and/or willful, and/or wanton, and constituted gross negligence.

91.   As a direct and proximate cause of the defendants gross negligence William Mosher, Jr. was murdered by Bradley Burns.

## TENTH CAUSE OF ACTION
### COUNT X
### Infliction of Emotional Distress

92.   The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 91 of this complaint as if fully set forth herein.

93. The aforementioned conduct of the defendants was extreme and outrageous so as to shock the conscience of the average person in the community, and caused physical injury and death to William Mosher, Jr.

94.   The defendants knew or should have known that serious emotional distress was the likely outcome of their conduct.

95.   As a direct and proximate cause of the defendants gross negligence William Mosher, Jr. was murdered by Bradley Burns.

21

ELEVENTH CAUSE OF ACTION
COUNT XI
Loss of Consortium

96.   The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 95 of this complaint as if fully set forth herein.

97.   The plaintiffs individually and collectively have suffered the grievous loss of a son with whom they had a longstanding loving relationship.

98.   The plaintiffs individually and collectively relied on the relationship they had with William Mosher, Jr., the decedent.

99.   The plaintiffs have suffered the loss of the services, protection, care, assistance, society, companionship, comfort, guidance, counsel, advice, contribution, and diligence of William Mosher, Jr. as a consequence of his death.

100.  The defendants by the aforementioned conduct are liable to the plaintiffs individually as persons entitled to damages recovered for the aforementioned losses they have suffered.

TWELVTH CAUSE OF ACTION
Count XII
STRICT LIABILITY

101.  The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 100 of this complaint as if fully set forth herein.

22

102.    The defendants undertook and assumed a special responsibility toward the decedent to care and protect the decedent from injury and death.  The estate and individual plaintiffs had a right to rely on the special relationship and responsibility undertaken by the defendants and the fulfillment of the assumed special responsibility.

103.  Public policy demands that the burden of injury and death of a person suffering the loss of liberty and in the custody and control of the Commonwealth as well as those persons who rely on the assumption of that responsibility be placed on the defendants.

104.    The estate and individual plaintiffs were entitled to be afforded maximum protection from loss and injury caused by other dangerous individuals housed within a confined facility.

105.    The defendants are strictly liable to the plaintiffs for their failure to fulfill the obligations attendant with the assumed special responsibility.

WHEREFORE, on grounds of the conduct of all defendants as alleged herein and set forth by all aforementioned counts of this complaint, the Plaintiffs demand the following relief jointly and severally against all defendants:

1.    A declaratory judgment that the policies, practices and acts complained of herein are illegal and unconstitutional;

2.    Compensatory and punitive damages in the amount of One Hundred and Fifty Million ($150,000,000.00) Dollars for the

above-described wrongful death and damages, including conscious pain and suffering, the loss of the decedent's reasonably expected net income, funeral and burial expenses, medical and hospital expenses, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent to the persons entitled to the damages recovered, including interest and costs.

3.    Costs, including reasonable attorneys' fees incurred by the plaintiffs in bringing this action.

4.    Interest on the award of damages.

5.    Such further relief as this Court may deem appropriate.

6.    The Plaintiffs demand a Jury Trial.

                              RESPECTFULLY SUBMITTED,
                              The Plaintiffs,
                              By their counsel:

                              //Joseph J. Balliro, Jr.//
                              Joseph James Balliro, Jr.
                              BALLIRO & MONDANO
                              99 Summer Street
                              Suite 1800
                              Boston, Massachusetts 02110
                              (617) 737-8442
                              BBO# 550194

December 13, 2007