UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM MOSHER, ADMINISTRATOR of<br>The estate of WILLIAM MOSHER, JR.,<br>CAROLYN MOSHER, BRANDON MOSHER,<br>KACIE MOSHER AND KORTNEY MOSHER,<br><br>Plaintiffs<br><br>vs.<br><br>KENNETH NELSON, Individually and as<br>SUPERINTENDENT of the BRIDGEWATER<br>STATE HOSPITAL, et al.<br><br>Defendants | 04-12560-MLW |

## ANSWER TO SECOND AMENDED COMPLAINT
## WITH DEMAND FOR JURY TRIAL

The defendants, Kenneth Nelson ("Nelson"), individually and as former Superintendent of Bridgewater State Hospital; Bridgewater State Hospital ("Bridgewater"); Kathleen M. Dennehy, ("Dennehy"), individually and as former Commissioner of the Commonwealth of Massachusetts Department of Correction; the Commonwealth of Massachusetts Department of Correction ("DOC"); Elizabeth Childs ("Childs"), individually and as former Commissioner of the Commonwealth of Massachusetts Department of Mental Health ("DMH") herewith answer the second amended complaint (Document 58-2) in this action.

For convenience of reference, the foregoing defendants are herein referred to as "the defendants" wherever a portion of this answer applies to all of them. Elsewhere in this answer, the defendants Nelson, Bridgewater, Dennehy and DOC are referred to collectively as "the DOC defendants," and the defendants Childs and DMH are collectively referred to as "the DMH

defendants." The true name of the defendant denominated in the complaint as "Department of Corrections" is "Department of Correction."

The defendants answer the numbered paragraphs of said complaint as follows:

1. To the extent that this paragraph states one or more conclusions of law, no answer is required. The remaining allegations are denied.

2. To the extent that this paragraph states one or more conclusions of law, no answer is required. The remaining allegations are denied.

3. To the extent that this paragraph states one or more conclusions of law, no answer is required. The remaining allegations are denied.

4. The defendants are without knowledge sufficient to admit or deny the allegations of this paragraph, and therefore deny all such allegations.

5. The defendants deny the allegations of this paragraph.

6. The defendants admit only that plaintiff's counsel sent a letter dated September 16, 2004 to Attorney General Reilly at his office address as stated. Said letter speaks for itself, and the remaining allegations of this paragraph are denied.

## PARTIES

7-8. The defendants are without knowledge sufficient to admit or deny the allegations of these paragraphs, and therefore deny all such allegations.

9. The defendants admit only the allegations of the first sentence of this paragraph. To the extent that the remainder of this paragraph states one or more conclusions of law, no answer is required. The remaining allegations are denied.

10. The defendants admit only the allegations of the first sentence of this paragraph. To the extent that the remainder of this paragraph states one or more conclusions of law, no answer is required. The remaining allegations are denied.

11.  The defendants admit only the allegations of the first sentence of this paragraph. To the extent that the remainder of this paragraph states one or more conclusions of law, no answer is required. The remaining allegations are denied.

12.  The defendants admit only the allegations of the first sentence of this paragraph. The DMH defendants deny that DMH had or has custody of patients, inmates or others at Bridgewater, and deny also that the University of Massachusetts Medical School provided any services to, or on behalf of, DMH at Bridgewater. The DMH defendants are without knowledge sufficient to admit or deny the remaining allegations of this paragraph, and therefore deny all such allegations. The DOC defendants admit that the University of Massachusetts Medical School provided clinical, medical and psychiatric services to patients and inmates in DOC's custody at Bridgewater. To the extent that the remainder of this paragraph states one or more conclusions of law, no answer is required. The DOC defendants deny the remaining allegations of the paragraph.

13.  The defendants admit only that DOC and DMH are agencies of the Commonwealth of Massachusetts, that Bridgewater is a DOC facility, and that at all relevant times Nelson and Dennehy were employed by DOC, and Childs was employed by DMH. The defendants deny the remaining allegations of this paragraph.

14.  The defendants are without knowledge sufficient to admit or deny the allegations of this paragraph, and therefore deny all such allegations.

## FACTS

15-17. The defendants admit that William Mosher, Jr. ("Mosher") and Bradley Burns ("Burns") were housed at Bridgewater in the custody of DOC on or about August 28, 2004. The defendants deny that Mosher or Burns were patients of the DMH defendants or in the custody of DMH at Bridgewater. The remaining allegations of these paragraphs are denied.

18-27.  The defendants deny the allegations of these paragraphs.

### FIRST CAUSE OF ACTION - COUNT I - 42 U.S.C. § 1983

28-44.  The defendants deny the allegations of these paragraphs.

### SECOND CAUSE OF ACTION - COUNT II - 42 U.S.C. § 1983 Conspiracies

45-49.  The defendants deny the allegations of these paragraphs.

### THIRD CAUSE OF ACTION - COUNT III - 42 U.S.C. § 1985(3) Conspiracies

50-53.  The defendants deny the allegations of these paragraphs.

### FOURTH CAUSE OF ACTION - COUNT IV - 42 U.S.C. § 1986 Conspiracies

54-62.  The defendants deny the allegations of these paragraphs.

### SEVENTH CAUSE OF ACTION - COUNT VII - Wrongful Death G.L. c. 229 §2

63.  The defendants incorporate by reference their answers to the allegations stated in paragraphs 1 through 62.

64.  The defendants admit only that plaintiff's counsel sent a letter dated September 16, 2004 to Attorney General Reilly. Said letter speaks for itself, and the remaining allegations of this paragraph are denied.

65.  The defendants admit only that an Assistant Attorney General sent a letter dated March 15, 2005 to plaintiff's counsel. Said letter speaks for itself, and the remaining allegations of this paragraph are denied.

66.  To the extent that this paragraph states one or more conclusions of law, no answer is required. To the extent that this paragraph includes allegations of fact, they are denied.

67.  The defendants are without knowledge sufficient to admit or deny the allegations of this paragraph, and therefore deny said allegations.

68.  The defendants admit only that William Mosher, Jr. died on August 28, 2004 in Plymouth County, Massachusetts, and deny the remaining allegations of this paragraph.

69-70. The defendants are without knowledge sufficient to admit or deny the allegations of these paragraphs, and therefore deny all such allegations.

71. The defendants deny the allegations of this paragraph.

72-73. The defendants are without knowledge sufficient to admit or deny the allegations of these paragraphs, and therefore deny all such allegations.

### EIGHTH CAUSE OF ACTION - COUNT VIII-Negligence

74-88. The defendants deny the allegations of these paragraphs.

### NINTH CAUSE OF ACTION - COUNT IX-Gross Negligence

89-91. The defendants deny the allegations of these paragraphs.

### TENTH CAUSE OF ACTION - COUNT X-Infliction of Emotional Distress

92-95. The defendants deny the allegations of these paragraphs.

### ELEVENTH CAUSE OF ACTION - COUNT XI-Loss of Consortium

96-100. The defendants deny the allegations of these paragraphs.

### TWELFTH CAUSE OF ACTION - COUNT XII-Strict Liability

101-105. The defendants deny the allegations of these paragraphs.

### SEPARATE DEFENSES

The defendants assert the following separate defenses, reserving the right to bring additional separate defenses:

### Separate Defense No. 1

Each count of the second amended complaint fails to state a claim upon which relief may be granted.

### Separate Defense No. 2

The plaintiffs' claims under federal law against DOC, Bridgewater and DMH, and against the defendants Nelson, Childs and Dennehy in their official capacities, are claims against the

Commonwealth of Massachusetts, and are therefore barred by the provisions of the relevant federal statutes, and by the Eleventh Amendment of the United States Constitution, and by principles of sovereign immunity.

### Separate Defense No. 3

The plaintiffs' claims under federal law against the defendants, Childs, Nelson and Dennehy in their individual capacities are barred by qualified immunity.

### Separate Defense No. 4

To the extent that the plaintiffs have alleged tort claims under Massachusetts law against agencies of the Commonwealth, this court lacks subject matter jurisdiction of said claims because of the Eleventh Amendment of the United States Constitution and principles of sovereign immunity.

### Separate Defense No. 5

The plaintiffs' claims under Massachusetts law against all of the defendants are barred by the immunity provisions of Massachusetts General Laws, Chapter 258.

**WHEREFORE,** the defendants demand the dismissal of all counts of the second amended complaint, and that they be awarded their costs of this action.

### DEMAND FOR JURY TRIAL

The defendants demand trial by jury of all issues so triable.

By their Attorneys,

MARTHA COAKLEY
ATTORNEY GENERAL

 s/ Ronald F. Kehoe
Ronald F. Kehoe  (BBO# 264260)
Assistant Attorney General
One Ashburton Place, Room 1813
Boston, MA 02108
(617) 727-2200, ext.  2619

## CERTIFICATE OF SERVICE

    I hereby certify that I have this day served the foregoing document upon the plaintiffs' attorneys of record, by mailing a copy, first class, postage prepaid to:

Joseph James Balliro, Jr.
Balliro & Mondano
99 Summer Street
Boston, MA 02110

and by electronically mailing a copy thereof via ECF to said attorneys.

                                                                                   s/ Ronald F. Kehoe

Dated: January 28, 2008