```
             UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MASSACHUSETTS

                         CIVIL ACTION NO: 04-12560 MLW
```

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
WILLIAM MOSHER, individually and as
administrator of the Estate of WILLIAM
MOSHER, JR., CAROLYN MOSHER,
      Plaintiffs,

            V.

KENNETH NELSON, Individually and as
Superintendent of BRIDGEWATER STATE HOSPITAL,
BRIDGEWATER STATE HOSPITAL, ELIZABETH CHILDS,
Individually and as Commissioner of the
COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF
MENTAL HEALTH, THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF MENTAL HEALTH, KATHLEEN M. DENNEHY,
Individually and as COMMISSIONER OF THE
COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF
CORRECTIONS, THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF CORRECTIONS,
      Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION FOR ORDER COMPELLING DISCLOSURE OF RECORDS**

Now come the plaintiffs and respectfully request this Honorable Court compel the disclosure of the following records in the possession of the defendants:

1.  Quality Assurance and Mortality Review dated September 23, 2004.

2.  103 DOC 6122, Death Procedures, September 18, 2003.

3.  Bridgewater State Hospital site-specific procedures adopted pursuant to 103 DOC 622, December 5, 2003.

    4.   103 Emergency Response Procedures in effect on August 28, 2004.

    The "Quality Assurance Mortality Review" has been cited by the defendants as a privileged peer review record protected by G.L. c. 111, §§ 1, 204.

    The remaining requested material has been identified as "Private, highly sensitive, security-related procedures that would threaten the safety and security of DOC institutions if disseminated". (Attached "Privilege Log")

    As a preliminary matter, counsel for the plaintiffs is willing to execute a Non-Disclosure Agreement (NDA). Counsel is willing to agree not to disseminate without prior permission of the Court and to file pleadings that may specifically refer to or compromise the information contained in the records under seal. (Please see proposed NDA attached to this motion).

I.  Quality Assurance and Mortality Review

    The defendant assertion of protection under G.L. c. 111, §§ 1, 204 is misplaced and has been held as unfounded.

    In the matter of *Bertell Porcher, Sr. et al. v. Commonwealth of Massachusetts et al.*, reported at 20 Mass. L. Rep. 266 (2005 Mass. Super.), the Superior Court rightly

held that an identical report was not protected by G.L. c. 111, §§ 1, 204. (See *Bertell Porcher, Sr. et al. v. Commonwealth of Massachusetts et al.,* attached)

Under section 1 of G.L. c. 111, a "medical peer review committee" is defined as "a committee of a state or local professional society of health care providers . . . or of a medical staff of a public hospital or licensed hospital or nursing home or health maintenance organized under ch. 176G."

According to the defendants, the instant review committee was comprised of:

1.  Peter J. Heffernan, Deputy Director, Health Services Division (Chair).

2.  Mark Goldstein, MD, Senior medical Consultant.

3.  Paula King, RN, Regional Administrator.

4.  Alfred Saucier, Sergeant, Office of Investigator Services.

5.  Observers:

    a.  Arthur Brewer, MD. UMCHP.

    b.  Kenneth Nelson, Superintendent, Bridgewater State Hospital.

    c.  Gregory Hughes, LICSW, Regional Administrator.

3

       d.    Debbie Mendoza, LICSW, Regional Administrator.

Specifically, the Superior Court held that a DOC document such as the "Quality Assurance Mortality Review" is not covered by G.L. c. 111, § 204.

The committee convened after the murder of William Mosher was not solely comprised of medical care professionals. It was not comprised at all of medical professionals of a "...state...professional society of health care providers..". The committee is most certainly not a HMO or associated with an HMO as defined under G.L. c. 176G.

Additionally, it was "observed" by non-medical professionals including the superintendent of Bridgewater State Hospital who is purely administrative. There is no distinction in the statute based on classification of participants. It is just as likely that "observers", presence during discussion and consideration of materials submitted, would have an impact on the committee's mandate, as would those classified as "members".

The Superior Court was eminently clear: "Quite simply, the medical peer review privilege that the Legislature created by statute does not cover the two DOC reports which were prepared by DOC panels that investigated and reviewed the decedent, Hakeem Obba's suicide and death." *Bertell Porcher, Sr. et al. v. Commonwealth of Massachusetts et al.*, as

4

reported at 20 Mass. L. Rep. 266 (2005 Mass. Super.); page 4.

II.  A.  103 DOC 6122, Death Procedures, September 18, 2003;
    b.  Bridgewater State Hospital site-specific procedures adopted pursuant to 103 DOC 622, December 5, 2003;
    c.  103 Emergency Response Procedures in effect on <u>August 28, 2004</u>.

In the absence of statutory protection the defendants have asserted that the above referenced material may not be disclosed as it would ". . .threaten the safety and security of DOC institutions if *disseminated*". (emphasis added)

It is the burden of the defendants to establish how it is the referenced materials would compromise the safety of DOC institutions if disseminated. The defendants have not established what it is about the records that would cause the concern voiced. Nor have the defendants established how it is disclosure to counsel, under the NDA, would jeopardize the security of the DOC institutions.

### Conclusion

Plaintiffs' counsel is entitled to the discovery sought. The fact that the defendants are unwilling to disclose the materials give rise to a legitimate suspicion that the records contain information beneficial to the plaintiffs.

There would be no other reason to refuse to disclose the records under an NDA.

The plaintiffs move for an order compelling disclosure and

offer the attached "Non-Disclosure Agreement" for consideration by this Court.

                RESPECTFULLY SUBMITTED,
                The Plaintiffs,
                By their counsel:

                //Joseph J. Balliro, Jr.//
                Joseph James Balliro, Jr.
                BALLIRO & MONDANO
                99 Summer Street
                Suite 1800
                Boston, Massachusetts 02110
                (617) 737-8442
                BBO# 550194

March 11, 2008

Mosher v. Nelson
C.A. No. 04-12560-MLW
Privilege Log

| Description | Basis for Privilege |
|---|---|
| Quality Assurance Mortality Review dated September 23, 2004. Participants: Peter J. Heffernan, Deputy Director, Health Services Division (Chair); Mark Goldstein, MD, Senior Medical Consultant; Paula King, RN, Regional Administrator; Linda Hermann-Gomes, RN, Regional Administrator; Alfred Saucier, Sgt., Office of Investigative Services. Observers: Arthur Brewer, MD, UMCHP; Kenneth Nelson, Superintendent, Bridgewater State Hospital; Gregory Hughes, LICSW, Regional Administrator; Debbie Mendoza, LICSW, Regional Administrator | Peer review committee report protected by G. L. c. 111, §§ 1, 204 |
| Legal Opinion Memorandum dated October 14, 2004 from Michael Cohen, Esq. to Kenneth Nelson | Attorney-client privilege and attorney work product. |
| 103 DOC 622, Death Procedures, September 18, 2003 | Private, highly sensitive, security-related procedures that would threaten the safety and security of DOC institutions if disseminated |
| Bridgewater State Hospital site-specific procedures adopted pursuant to 103 DOC 622, December 5, 2003 | Private, highly sensitive, security-related procedures that would threaten the safety and security of DOC institutions if disseminated |
| 103 DOC 501 Emergency Response Procedures in effect on August 28, 2004 | Private, highly sensitive, security-related procedures that would threaten the safety and security of DOC institutions if disseminated |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-12560 MLW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
WILLIAM MOSHER, individually and as
administrator of the Estate of WILLIAM
MOSHER, JR., CAROLYN MOSHER,
    Plaintiffs,

       V.

KENNETH NELSON, Individually and as
Superintendent of BRIDGEWATER STATE HOSPITAL,
BRIDGEWATER STATE HOSPITAL, ELIZABETH CHILDS,
Individually and as Commissioner of the
COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF
MENTAL HEALTH, THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF MENTAL HEALTH, KATHLEEN M. DENNEHY,
Individually and as COMMISSIONER OF THE
COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF
CORRECTIONS, THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF CORRECTIONS,
    Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NON-DISCLOSURE AGREEMENT**

    Undersigned counsel agrees not to disseminate the following materials without prior permission of the Court.

    1.   Quality Assurance and Mortality Review dated September 23, 2004.

    2.   103 DOC 6122, Death Procedures, September 18, 2003.

    3.   Bridgewater State Hospital site-specific procedures adopted pursuant to 103 DOC 622, December 5, 2003.

    4.   103 Emergency Response Procedures in effect on

August 28, 2004.

    Counsel is permitted to file pleadings in this case containing information gleaned from the materials subject to this agreement or attaching relevant portions of the materials that are the subject matter of this agreement only under seal. This prohibition is to include any motions or oppositions to motions filed by the defendants that are the subject of any <u>Scheduling Orders</u> in this case.

    Counsel agrees to return all of the subject materials to the defendants at the close of litigation or to destroy the subject materials with permission of the defendants.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY this 11th day of March, 2008.

<u>//Joseph J. Balliro, Jr.//</u>
Joseph J. Balliro, Jr.