UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM MOSHER, Individually and as administrator of the Estate of WILLIAM MOSHER, JR., CAROLYN MOSHER,<br><br>                            Plaintiffs,<br><br>v.<br><br>KENNETH NELSON, Individually and as Superintendent of BRIDGEWATER STATE HOSPITAL, ELIZABETH CHILDS, Individually and as Commissioner of the COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF PUBLIC HEALTH, and KATHLEEN M. DENNEHY, Individually and as Commissioner of the COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF CORRECTION,<br><br>                            Defendants. | CIVIL ACTION<br>NO. 04-12560-MLW |

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUES OF ELEVENTH AMENDMENT IMMUNITY AND QUALIFIED IMMUNITY

The defendants move for partial summary judgment because (1) in their official capacities, they are neither subject to suit in federal court under the Eleventh Amendment, nor are they "persons" under 42 U.S.C. § 1983, 1985, and 1986; and (2) in their individual capacities, they are entitled to qualified immunity.

On August 28, 2004, Bradley Burns, a patient at Bridgewater State Hospital ("BSH"), strangled William Mosher, another BSH patient, with a tee shirt when Mosher entered Burns' room. The administrator of Mosher's estate and his parents bring four counts alleging federal civil rights violations (Counts I-IV) and six counts alleging state law tort claims (Counts VII-XII) against the Department of Correction ("DOC") commissioner, the Department of Mental

Health ("DMH") commissioner, and the superintendent of BSH in their official and individual capacities.[1]

This motion for partial summary judgment addresses all ten counts under both federal and state law insofar as they are brought against the three officials in their official capacities. All of these claims must be dismissed because state officials in their official capacities are neither subject to suit in federal court under the Eleventh Amendment, nor are they "persons" under the applicable federal statutes in Counts I-IV.

The motion also addresses the four federal civil rights claims against the three officials in their individual capacities, as set forth in Counts I-IV (¶¶ 28-62) of the second amended complaint. Count I alleges violations of 42 U.S.C. § 1983. Counts II-IV allege conspiracies in violation of 42 U.S.C. §§ 1983, 1985 (3) and 1986. All of these claims must be dismissed because the officials have qualified immunity; there is no evidence of any constitutional violation committed by any of the named officials, and in any event none of their purported acts or omissions were clearly established constitutional violations at the time of the incident.

In further support of this motion, the defendants submit the accompanying Memorandum and Local Rule 56.1 Statement of Undisputed Facts.

---

[1] The second amended complaint (Document 58-2) was filed following plaintiffs' motions to dismiss William Mosher's siblings as plaintiffs and UMass Medical School and Daniel Comiskey, M.D. as defendants (Documents 35, 36), and omits former Counts V and VI. It also omits BSH, DOC and DMH as defendants, eliminating the redundancy of naming both the agencies and their legal equivalent, the corresponding state officials in their official capacities. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989).

Respectfully submitted,

KENNETH NELSON, Individually and as Superintendent of BRIDGEWATER STATE HOSPITAL, ELIZABETH CHILDS, Individually and as Commissioner of the COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF MENTAL HEALTH, AND KATHLEEN M. DENNEHY, Individually and as Commissioner of the COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF CORRECTION

By their attorneys,

MARTHA COAKLEY
ATTORNEY GENERAL


s/Daniel G. Cromack_____
Ronald F. Kehoe (BBO# 264260)
Daniel G. Cromack (BBO#652252)
Assistant Attorneys General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA 02108
(617) 727-2200

August 15, 2008

## L.R. 7.1 Certification

On August 15, 2008, I spoke with plaintiffs' counsel, Joe Balliro, Jr., in an effort to resolve or narrow the issues presented by this motion, but was unable to do so.

/s/ Daniel G. Cromack
Daniel G. Cromack

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 15, 2008.

                                        /s/ Daniel G. Cromack
                                        Daniel G. Cromack
                                        Assistant Attorney General